| 12 | 61 |
| 84 | 626 |

## WHITE AND ANOTHER V. LATIMER.

Under the saving clause of the statute of limitations, which provides that where certain disabilities exist, it shall not run, the disabilities cannot be tacked together so as to present a continuous obstruction to the statute : the party can avail himself only of the disability which existed at the time the cause of action accrued.

Where a female, under the age of twenty-one years, is married in accordance with the laws of the State, she is deemed of full age (Hart. Dig. Art. 2420) and the statute of limitations commences to run against her from the time of the marriage.

Error from Lamar. Petition filed 15th November, 1850. White and wife intermarried in July, 1848. The wife was twenty years of age when married and over twenty-two but not twenty-three years of age when suit was brought.

*John T. Mills*, for plaintiff in error.

*Amos Morrill*, for defendant in error.

LIPSCOMB, J. This suit was brought by White and wife, against the defendant, to recover a negro slave, claimed as the property of the wife. The defence set up in the Court below, was the Statute of Limitations, and the only question presented is one of law. At the time the right of action accrued, Mrs. White was an infant, and she married before arriving at the age of twenty-one, by which the disability of infancy ceased, under our statute. (Hart. Dig. Art. 2420.) The suit was not brought until after two years from her marriage; and the question is whether she can claim the benefit of the exception in the statute in favor of married women. The Court below charged the jury that she could not; and there was a verdict for the defendant, and judgment; from

which an appeal was taken to this Court. The saving clause in favor of infants and married women, in our statute, is not materially different from the exception in their favor in the statute of James.

Similar exceptions are to be found in nearly all of the statutes of limitation of the several States of the American Union; and the question has been often decided and adjudicated in England, and in the Courts of the several States, and in the Supreme Court of the United States, whether one of these exceptions can be added to another, after the disability, or exemption existing at the time the right of action accrued, had been removed. It has been so often decided that it cannot now be regarded as an open question. In the case of Demarest and wife v. Winkoop and others (3 John. Ch. 129) that eminent jurist Chancellor Kent has, with his usual ability, and with a degree of laborious research peculiar to him, examined all the cases, both in England and in the several States, on the question, showing a degree of harmony of decision seldom to be found on any other subject, that successive, or cumulative disabilities are not within the policy or sound construction of the statute; and the Chancellor says, "I am clearly of opinion, that the party can only avail himself of the disabilities existing when the right of action first accrued." The same doctrine was acknowledged by the Supreme Court of the United States, in the case of Mercer's Lessee v. Selden (1 Howard, 37;) In that case, Mr. Justice McLane who delivered the opinion of the Court, makes the following quotations from the opinions of the Judges in Parsons v. McCracken and wife, (9 Leigh, 495.) "Mr. Justice Parker says, "speaking of the statute, I am of opinion that cumulative "disabilities ought not to prevent its operation, and that upon "a sound construction of the act a party claiming the benefit "of the proviso can only avail herself of the disability exist- "ing when the right of action first accrued, since otherwise "the assertion of claims might be postponed for the longest "life, and possessions disturbed after sixty, eighty, or even

" one hundred years." Mr. Justice Brokenborough says "If " she married after she came of age, her subsequent *covert* " was not a disability that would obstruct the operation of " the statute; and even if she married whilst yet an infant, we " cannot mount one disability on another, so as to present a " continuous obstruction to its operation." Mr. Justice Tucker says, " It is true that Rebecca was an infant, but she " came of age in 1824, when her disability ceased; for not- " withstanding some loose opinions to the contrary, she can- " not tack the disability of marriage to that of infancy." Mr. Justice McLean says that in the case from which he made the extracts just cited, as in the one then under discussion by him, the female in whom the right vested, married before the disability of infancy had ceased. Mr. Angell, in his work on Limitations, Chap. 19, Sec. 6 says, " It is the settled con- " struction that the period cannot be extended by the connec- " tion of one disability with another. Where a *feme sole* in- " fant, entitled to the possession of personal property, made a " demand thereof, and afterwards during infancy became " *covert*, and so continued until the suit was brought; it was " held that the cause of action accrued at the time when the " demand was made; and that the action, having been com- " menced more than six years after she became twenty-one " years of age, it was barred by the statute. But it is not ne- " cessary to multiply authorities upon this point. The same " rule holds in personal as in real actions; and in the case of " Mercer v. Selden, (an action of ejecment,) upon a review of " the leading authorities, the Supreme Court of the United " States, as lately as 1843, (the same reported in 1 Howard, " *Supra*.) held, that disabilities which bring a person within " the exception of the statute cannot be piled one upon another; " and that the party claiming the benefit of the statute, can " avail herself only of the disability existing when the right " of action first accrued." The case of Wood v. Aikin (1 Page, N. Y., Chan. Rep. 616,) is entirely consistent with the rule, because in that case the right of action did not accrue

until after marriage. Preston, in his abstracts, lays down the doctrine differently, and Mr. Justice McLean, in the case cited from 1 Howard, says that the rule in Preston on abstracts, is not the law in this country, and he might have added, nor in England, as is manifest from the examination of the authorities of that country by Chancellor Kent in Demarest v. Winkoop, before cited. Mr. Preston's work stands deservedly high as a practical work on land titles in England, but has never been regarded as authority on any other subject; and he certainly was wholly unacquainted with the English decisions on the statute of limitations; as it will be seen by a reference to the cases referred to by Chancellor Kent, in the case before cited, that the doctrine has been uniformly held to be different from the rule laid down by him; and these decisions form a connected chain, from the time the question was first mooted on the statute of James, down to the present time. The American cases have followed upon and conformed to the rule of decision in England. I am not aware that a different doctrine has been held, in this country, in a single case, excepting in the case of Lamar v. Jones, (3 Harris & McHenry, R. 328,) if that can be regarded as an exception. In that case, the Chancellor had decided against coupling one disability with another, and on appeal, his decision was reversed, mainly, it is believed, on a mistake of the Chief Justice, in supposing that the Court of Chancery in England had not adopted that part of the statute of limitations, under which the construction was claimed, and that the opinion of Lord Talbot, in Belch v. Harvey, (Appendix to Sugden's Law of Vendors, 3 Edit.,) was only a dictum. It is clear that the Court, from some cause, did not investigate that question to much extent, else it would have been seen that the opinion of Lord Talbot had been approved and followed; and the Maryland case, at most, shows that it was the opinion of the Chief Justice, that the rule did not prevail in Chancery. The inference is, that there was no doubt of the rule at law. The cases, referred to by the appellant, in South Carolina, were under a

statute of that State prescribing a different rule in real actions. We have before said that the rule is not controverted by the case in Paige Chan. Reports. In that case, a legacy was given to an infant *feme sole*, to take on her arriving at the age of twenty-one, or marrying: she married before arriving at the age of twenty-one; then the right of action did not accrue until she was married, and the first disability was coverture, and there was no tacking that disability on any other. In the case before us, the right of action accrued during the infancy of Mrs. White; this disability was terminated by marriage, which made her, under our statute, of legal age. She had two years after her marriage to commence suit; because her marriage terminated the only disability existing at the time of her marriage; and she could not tack on that the disability of coverture. The 11th Section of the Statute of Limitation, (Hart. Dig. Art. 2387,) is not in its terms materially different from the exception contained in the Statute of James, and cannot claim a different construction from that; and a departure from the rule so long and well established, that it applies to the particular disability existing at the time the right of action accrued, would introduce the evil, so strongly deprecated by the most eminent English and American Judges, of postponing actions for the trial of the rights of property, to an indefinite period of time, by the shifting of disabilities, from infancy to coverture, and again from coverture to infancy, an evil destructive of the best interest of society, and forbidden by the most sound and imperious policy of the age. The judgment is affirmed.

Judgment affirmed.