STATE EX REL. BLANCHE MATTES AND ANOTHER v. THE
JUVENILE COURT OF THE COUNTY OF RAMSEY
AND ANOTHER.[1]

November 26, 1920.

No 21,808.

**Bastard — construction of 1917 act.**

    1. The intent and purpose of section 1, chapter 397, Laws of 1917, read in connection with the last clause of section 11, construed and *held,*

[1]Reported in 179 N. W. 1006.

to exclude from the operation of that chapter, as a dependent, a child having a parent able to provide for its proper support and who does not consent to separation from it, whether such child be illegitimate or legitimate.

**Same — consent of mother in commitment proceedings essential.**

2. In proceedings to commit an illegitimate child to the care of the state board of control, under the provisions of chapter 397, Laws of 1917, the consent of the mother is essential, in the absence of a showing that the commitment is needful in order to prevent serious detriment to the child.

**Same — evidence insufficient.**

3. Testimony considered and *held*, not sufficient to warrant the commitment of an illegitimate child to the care of the state board of control.

**Same — juvenile court without jurisdiction.**

4. Where an illegitimate child is in lawful custody of a person other than its parent, by virtue of an order of the district court in habeas corpus proceedings, a juvenile court has no power to interfere with the custody of such child.

**Same — statute not class legislation.**

5. The provisions of chapter 397, Laws of 1917, considered and held, not to be objectionable as class legislation.

Upon the relation of Blanche Mattes and James Mattes the supreme court granted its writ of certiorari directed to the juvenile court of Ramsey county and the Honorable Grier M. Orr, judge thereof, to review the order of that court awarding the custody of Eleanor Maude Mattes to the state board of control.  Order annulled.

*J. P. Kyle* and *Harry P. Churchill,* for relators.

*Clifford L. Hilton,* Attorney General, and *C. Louis Weeks,* Deputy Attorney General, filed a brief amici curiae.

*Charles A. Oberg,* for respondent.

QUINN, J.

Certiorari to review an order of the juvenile court of Ramsey county. Eleanor Maud Bradshaw was born at Minneapolis in December, 1913, out of lawful wedlock.  The relator, Blanche Mattes, is 21 years of age and is the mother of the child.  She cared for the child for three years

after its birth, then went to Redfield, South Dakota, to work, leaving the child with its grandmother who was a working woman living in St. Paul. Shortly thereafter, without the mother's knowledge, the grandmother turned the child over to Carl O. Peterson and his wife, with whom it has since lived. The relator, James W. Mattes, is 35 years of age, owns property of the value of $8,000, and has an income from his restaurant business of about $3,000 per year. He married the mother of the child in January, 1917, and they reside at Redfield.

In 1918 the mother instituted habeas corpus proceedings in Ramsey county to obtain possession of the child, but failed, and its custody was awarded to Peterson until the further order of the court in the premises. In 1919 the mother made a second attempt to obtain possession of the child by habeas corpus, but her proofs were not available so the proceeding was dismissed upon her motion and the Petersons were allowed to retain the child. In November, 1919, one Sohlberg, at the instigation of Peterson, petitioned the juvenile court of Ramsey county, alleging that the child was illegitimate and therefore a dependent, and asking that she be committed to the care of the state board of control, under the provisions of chapter 397, p. 561, Laws of 1917. At the hearing upon such petition the relators appeared and were sworn and examined, the mother claiming and demanding the custody of the child and her husband offering to adopt it. No inquiry was made as to the fitness of either of the relators to have the care or custody of the child, except that the relators testified that the child was not a dependent and that they had means and ability to give her a suitable home. The court granted the petition and made its order committing the child to the care of the state board of control.

It is well settled in this state, in cases of this character, that the mother as guardian by nature of her child, is legally bound to support it and entitled to its custody. State v. Nestaval, 72 Minn. 415, 75 N. W. 725; State v. Hausewedell, 94 Minn. 177, 102 N. W. 204; Olson v. Johnson, 23 Minn. 301. Her consent to adoption is necessary. G. S. 1913, § 7153. While section 1 of chapter 397, p. 561, Laws of 1917, provides that for its purposes, the term "dependent child" shall include, among others, a child who is illegitimate, the last clause of section 11 thereof provides "that in no case shall a dependent child be taken from his par-

ents without their consent unless, after diligent effort has been made to avoid such separation, the same shall be found needful in order to prevent serious detriment to the welfare of such child." It is also to be observed that section 1 further defines a dependent child as one who is without a parent able to adequately provide for its support, training and education, and is unable to maintain himself by lawful employment. Manifestly, the intent of this statute is to exclude from its operation a child having a parent able to provide for its proper support and who does not consent to separation from it, whether such child be illegitimate or legitimate. It must also have been the purpose of the act to exclude from its operation any illegitimate child who has attained the age of self support, though less than 18 years of age, otherwise it would be a most vicious law such as no legislative body could have intended. With no other obstacle in the way the showing falls far short of being sufficient to warrant the commitment.

The child at the time of the hearing was in the lawful custody of Peterson by virtue of an order in the habeas corpus proceeding. As we understand, that order has never been changed, and while it stands the juvenile court could have no right to interfere with the custody of the child. It is argued that chapter 397 discriminates against illegitimate persons and is therefore objectionable as class legislation. We do not so construe the act, as is above indicated, and we find no trouble with the alidity of the law in that regard. The order of the court below committing the child to the state board of control should be set aside and annulled.

It is so ordered.