IN THE MATTER OF THE PETITION OF AMANDA PETERSON FOR WRIT OF HABEAS CORPUS.
AMANDA PETERSON v. JESSIE E. McAULIFFE.[1]

March 17, 1922.

No. 22,916.

Habeas corpus—Juvenile Court Act.

1. On habeas corpus where the return shows that the respondent detains the person under a commitment fair on its face, errors in the proceeding in which the commitment was adjudged to issue cannot be reached. The only question open to consideration on this appeal from

[1] Reported in 187 N. W. 226.

the order quashing the writ is the constitutionality of chapter 397, Laws 1917, known as the juvenile court act, under which the judgment was rendered.

**Act constitutional.**

2. Said act is not designed to punish but to rescue a delinquent child, and is not repugnant to constitutional objections that it does not provide for due process of law.

Upon the relation of Amanda Peterson the district court for Hennepin county granted its writ of habeas corpus directed to Jessie E. McAuliffe. The matter was heard by Bardwell, J., who quashed the writ and remanded Alice Peterson to the County Home School for Girls. From the order quashing the writ, relator appealed. Affirmed.

*Clarence A. Jones,* for relator.

*Floyd Olson,* County Attorney, and *E. W. Gray,* for respondent.

HOLT, J.

It appears that Alice Peterson, 15 years old, was on December 30, 1921, adjudged a delinquent child in the juvenile court of Hennepin county and committed to the County Home School for Girls. She was brought into that court upon a petition charging that she, being enrolled as a pupil in the public schools of the city of Minneapolis, wilfully, unlawfully and wrongfully neglects and refuses to attend the same. The record shows that notice of the hearing was duly served. The notice was directed to the father and was served by leaving a copy at his home with his wife, the mother of the child.

A writ of habeas corpus was issued on the petition of the mother. The respondent, the superintendent of the school mentioned, made a return that Alice Peterson was detained in the school under the commitment issued as above stated. The commitment is regular on its face. The writ was quashed by the district court issuing it, and the petitioner appeals.

The constitutionality of the Juvenile Court Act, chapter 397, p. 561, Laws 1917, is the only matter open to consideration on this appeal. Irregularity or error in the procedure occurring prior to the

commitment cannot be reached by habeas corpus. Neither can an inquiry be made whether the evidence warranted the finding that Alice was a delinquent child. If there be any error in these respects the remedy is to be found in the cause wherein delinquency was adjudged, either through motion or through appeal.

The act is conceded by appellant to be constitutional and valid as applied to dependent and neglected children, but delinquent children are claimed to be in another class. It is said that when children commit crime the state cannot lay hold of them except by due process of law, as usually administered by criminal courts under our constitutions, state and Federal, for a child may no more than an adult be deprived of liberty or punished for crime without a trial in the ordinary way by jury.

The principle is now rather firmly established that, for its protection and the good of the child, the state may, through its courts, place the child in charge of some person or institution for proper training and support. It matters little whether the danger to the child and society comes because of the fault of others or that of the child. The right of the state to step in and save the child is the same. In that view the restraint put upon the child cannot be regarded as punishment for crime. Children are always under more or less restraint. In the parental home and in the school they may not come and go as they please. And so when it is necessary for the state to step in and perform the parental duty the liberty of the child may be circumscribed. In this case the petition under which the juvenile court acted did not charge Alice with crime. Indeed, definition of delinquency in the act includes matters other than crimes. In this jurisdiction it was settled in State v. Brown, 50 Minn. 353, 52 N. W. 935, that adjudging a child delinquent and committing it to the custody of a state-appointed guardian was not an imprisonment or punishment for crime. Many authorities supporting that view are therein cited, and the contrary doctrine, so forcibly expressed in People v. Turner, 55 Ill. 280, 281, is noted and disapproved. In the Brown case the procedure which permitted a child to be committed to the reform school without a jury trial was also held not repugnant to constitutional guaranties. To the cases cited

therein it is only necessary to add Robison v. Wayne Circuit Judges, 151 Mich. 315, and Commonwealth v. Fisher, 213 Pa. St. 48, wherein all the questions raised by appellant are fully answered.

The whole tenor of the act indicates that the sole purpose is the welfare of the delinquent as well as the dependent or neglected child. The treatment accorded the two classes is essentially the same. The rights of the parents are amply protected. Notice to them is required and a jury trial may be had. Sections 2 and 8. The evidence in delinquency cases is protected so that it may not be used against the child in any other court. Section 19. That the delinquency charge is not intended as a proceeding to punish for a crime is evident from section 21 which provides that "the court may, in its discretion, cause any alleged delinquent child of the age of twelve years or over to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes and misdemeanors, or for the violation of municipal ordinances."

We consider chapter 397, p. 561, Laws 1917, designed to secure the welfare of delinquent children and not to punish them, and the restraint put on them to secure that end is not imprisonment but parental control by the state in cases where parents have failed.

Order affirmed.