## STATE EX REL. BLANCHE MATTES v. CARL O. PETERSON AND ELLEN D. PETERSON.[1]

June 22, 1923.

No. 23,550.

**Mother entitled to custody of her child.**

    1. The findings of the trial court to the effect that relator, the mother, was fit and suitable and situated financially and in other respects to afford her child proper care, therefore entitled to its custody and control, *held* sustained by the evidence, and the order appealed from is accordingly in all things affirmed.

The facts are stated at the beginning of the opinion. Blanche Mattes obtained from the district court for Ramsey county an order directing defendants to show cause why an order of Hanft, J., dated February 20, 1919, should not be set aside and a new order made awarding to her the custody and control of her child. The matter was heard by Boerner, J., who vacated the order of February, 1919, and awarded the child to its mother. From that order defendants Peterson appealed. Affirmed.

*Clayton Parks,* for plaintiff.

*Charles A. Oberg* and *Todd, Fosnes & Sterling,* for defendants.

[1]Reported in 194 N. W. 326.

BROWN, C. J.

The child, Elenor Maud Bradshaw, some 8 or 9 years of age, whose custody and control is involved in this proceeding, is the illegitimate offspring of relator. The infant during the past 4 or 5 years has been the innocent cause of considerable litigation and contention respecting her care and custody. A general outline of which, and of some of the relevant facts will be found stated by Mr. Justice Quinn in the opinion on a former appeal reported in 147 Minn. 222, 179 N. W. 1006. A proceeding, in habeas corpus, to secure the custody of the child from respondents was commenced by relator, the mother, in November, 1918. It was subsequently heard and on the facts presented dismissed on the merits on the theory and ground that relator was not then financially or otherwise in position or capable of giving the child proper and suitable care and attention, and the child was remanded to the possession of respondents, subject to the further order of the court, intimation being thrown out in a memorandum attached to the order that when relator's situation changed for the better she would be entitled to her child under law. Respondents had been given possession of the child by its grandmother when about 2 or 3 years of age, but the mother never relinquished or abandoned her natural and legal right of custody and control, and has consistently asserted the same, being heretofore denied the exercise thereof by reason of her inability to sustain the burden in harmony with the best interests of the child. Respondents understood the situation and the mother's desire and wishes in the matter at all times; they have in support of their present claim the naked fact of possession, but without legal right; the attempted gift by the grandmother was without authority, and the mother has neither waived nor forfeited her natural and legal rights in the premises.

Thus the matter remained until the fall of 1922 when the proceeding now here under review was presented to the court having in charge the original case in the form of a motion for modification of the original order, by awarding the child to the care and custody of relator. The basis of the application is the claim that the situation of relator has improved and changed since the case was for-

merly decided and that she is now financially and otherwise in position to properly care for the child.

The motion was submitted on the former record and considerable new evidence, taken before the court, relating to and disclosing the present situation of relator in the respect stated. After hearing the parties and fully considering the matter, the court made an order granting the motion and awarding the custody and care of the child to relator. Respondents appealed.

The court below found the facts in harmony with the order, and to the effect that relator is in financial condition and otherwise suitably situated to properly care for the child and to have the custody and responsibility for its future welfare. She is married and resides with her husband in comfortable rented apartments. The husband is a plumber by occupation with steady employment, having an ample income to maintain the family home. He is a man of good habits and character and has joined relator in a petition to the court for the adoption of the child. Whatever delinquency may be charged to relator in her younger life has been fully overcome, and the evidence is clear that her conduct in the immediate past has been that of a moral and upright woman. On a situation thus presented the law is well settled. She is entitled to the custody of her offspring. A case substantially similar in its facts was recently before the court, reported in 149 Minn. 435, 183 N. W. 956, where the legal rights of the respective parties are clearly stated by Judge Lees, with a citation of pertinent authorities.

Our examination of the evidence returned on the appeal, together with that taken here, leads to the same conclusion that was reached by the trial court, namely, that relator is entitled to the care of her child, and the order of that court from which this appeal was taken is accordingly in all things affirmed.

The conclusion reached constitutes no reflection on the character of respondents. They appear to be worthy in all respects, devoted to the child, faithful in attention to its welfare, but are without legal right to insist upon retaining its custody in face of the natural rights of the mother.

Order affirmed.