## STATE v. HAROLD OLSON.[1]

June 22, 1923.

No. 23,589.

**Minor under 16 years may be sentenced to state prison.**

Under the present statutes a boy over 12 and under 16 years of age, convicted of the crime of murder in the third degree, may be senteced to the state prison.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of murder in the second degree, tried in the district court for that county before Nye, J., and found guilty of murder in the third degree. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Clifford L. Hilton,* Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

TAYLOR, C.

The indictment charged defendant with the crime of murder in the second degree. He was permitted to enter a plea of guilty to the crime of murder in the third degree, and thereupon was sentenced to the state prison at Stillwater until discharged therefrom as provided by law. He committed the crime on February 9, 1923, and will not be 16 years of age until June 21, 1923. The only question raised is whether the court had power to sentence a minor under 16 years of age to the state prison at Stillwater. The statute relating to the crime of murder in the third degree now provides, and always has provided, that the punishment therefor shall be imprisonment in the state prison, and this punishment may be imposed upon all persons convicted of that crime unless forbidden by some legislative enactment which supersedes this statute or restricts its operation.

The court could not sentence the defendant to the state reformatory for only those "not less than sixteen nor more than thirty years of age" may be sentenced to that institution. G. S. 1913, § 9323.

[1]Reported in 194 N. W. 942.

Section 4055, G. S. 1913, found among the provisions relating to the state' training school, provided:

"Whenever an infant over ten and under sixteen years of age shall have been convicted of any offense punishable by imprisonment, except that of murder, * * * the court or magistrate may commit him to the guardianship of the board of control, to be trained in said school during minority, or for such other time as may be provided by law."

This provision apparently had its origin in chapter 28, p. 83, of the Laws of 1872, relating to the state reform school, as the training school was then called.

Section 8503, G. S. 1913, found among the general provisions of the penal code, provided:

"Whenever a person under the age of sixteen years shall be convicted of crime, he shall be sentenced to pay a fine or to be committed to the state training school for boys and girls, and subjected to the discipline and control thereof until his majority, or for such shorter time as the court may determine."

This provision appears as section 530 of the penal code adopted in 1885, and was cast into the form in which it appears in the General Statutes of 1913 by chapter 95 of the Laws of 1893. Section 4055 excepted from its operation those who were convicted of murder, but section 8503 made no exception and was mandatory in form. To what extent this statute, being later in time than the statute which finally became section 4055, operated to supersede or modify that statute, it is not necessary to determine, for chapter 233 of the Session Laws of 1905 provided, in section 1, that any infant over the age of eight years and under the age of 17 years, convicted of any crime punishable by imprisonment, except the crime of murder, might be committed to the state training school. This section appears as section 4056 of the General Statutes of 1913, and being later in time than section 8503 would supersede that section so far as the two are necessarily inconsistent. Section 8 of the act of 1905, which appears as section 4067 of the General Stat-

utes of 1913, authorized the transfer of inmates from the state training school to the state reformatory. Section 9324, G. S. 1913, found in the penal code, authorized the transfer of inmates from the reformatory to the state prison, from the state prison to the reformatory and from the training school to the reformatory.

At the legislative session of 1917, the legislature made several material changes in the laws relating to juvenile offenders. Chapter 237, p. 351, Laws of 1917, amended section 9324 of the General Statutes of 1913, above cited, by eliminating therefrom the provision authorizing the transfer of inmates from the training school to the reformatory. Chapter 238, p. 352, Laws of 1917, repealed sections 4055, 4056 and 4067 of the General Statutes of 1913 above cited. Chapter 266, p. 405, Laws of 1917, repealed section 8503 of the General Statutes of 1913, above cited, and enacted the following in its place:

"Whenever a juvenile court acquires jurisdiction of a child twelve years of age or over, who is charged with delinquency, and transfers such child to a justice, municipal, or district court to be tried for a crime, the trial court, upon conviction, may commit such child to the state training school for boys or the Minnesota home school for girls."

Chapter 397, pp. 561, 570, Laws of 1917, codified the laws relating to juvenile courts and their jurisdiction over dependent, neglected and delinquent children. Section 21 of this act reads:

"The adjudication of a juvenile court that a child is delinquent shall in no case be deemed a conviction of crime; but the court may, in its discretion, cause any alleged delinquent child of the age of twelve years or over to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes and misdemeanors, or for the violation of municipal ordinances, by an order directing the county attorney to institute such prosecution as may be appropriate."

The defendant was brought before the juvenile court, and that court, under and pursuant to this statute "ordered that the county attorney of said county institute such prosecution in any court of

this state against said Harold Olson as may be appropriate." Following this order the defendant was indicted and sentenced as before stated. Under the statutes as they now stand he could be committed only to the state training school or to the state prison. It may be noted that commitments to the state training school are, and always have been, either during minority or for a lesser period, and that the punishment for murder in the third degree is "imprisonment in the state prison for not less than seven years nor more than thirty years." Also that the provisions authorizing transfers from the training school to the reformatory have been repealed. It was doubtless the intention of the legislature that the training school should not be deemed or treated as a penal institution nor commitments to it as a penalty for crime. Peterson v. McAuliffe, 151 Minn. 467, 187 N. W. 226.

By providing that the juvenile court may transfer a delinquent child, of the age of 12 years or more, to another court, "to be proceeded against in accordance with the laws that may be in force governing the commission of and punishment for crimes," the legislature plainly intended that, in case he should be convicted of a crime in such other court, the court should have power to impose upon him the punishment prescribed for the crime of which he was convicted. This provision was considered in State v. Peterson, 152 Minn. 310, 190 N. W. 345, but the specific question here presented was not involved in that case. Children over twelve years of age are presumed to be responsible for their acts. Section 8473, G. S. 1913. If convicted of a crime, the punishment prescribed for that crime may be imposed upon them the same as upon adults, in the absence of a legislative enactment prescribing or limiting the punishment to which they shall be subjected. We find nothing in the statutes as they now exist exempting a child over 12 years of age convicted of a crime from the penalty prescribed for that crime.

Counsel for defendant contends that the permissive language of chapter 266, p. 405, Laws of 1917, which provides that whenever the juvenile court transfers a child 12 years of age or over to another court to be tried for a crime, "the trial court, upon conviction, may commit such child to the state training school," should be construed

as mandatory and not as permissive. The legislature, by making the changes previously noted and by substituting this permissive provision for the mandatory provision of section 8503, G. S. 1913, clearly indicated that it intended this provision to be permissive only and not mandatory.

Counsel argues that it could not have been the intention of the legislature that offenders who cannot be sentenced to the reformatory because under 16 years of age should be sentenced to the state prison. That a minor under 16 years of age may be sentenced to the state prison but not to the reformatory, while a minor over that age may be sentenced to either, would seem to indicate a defect in the law. Yet it is easy to see how such a situation was brought about. The statutes prescribe imprisonment in the state prison as the punishment for all crimes, except minor offenses. These statutes are applicable to infants as well as to adults, and apply in all cases except where a different provision is made. 14 R. C. L. 266. The legislature gave the courts the discretionary power to sentence first offenders, "not less than sixteen nor more than thirty years of age, convicted of a crime punishable by imprisonment in the state prison," to the reformatory instead of to the state prison. Section 9323, G. S. 1913. This statute did not take away the power to sentence to the state prison, and such offenders may be sentenced to either. The legislature repealed the mandatory provision which required that boys under 16 years of age convicted of a crime punishable by imprisonment should be committed to the training school, and also the provision which excepted those convicted of murder from the operation of that provision, and in lieu thereof gave the courts the discretionary power to commit such offenders to the training school when convicted of any crime. The result is that the statutes prescribing imprisonment in the state prison as the punishment for the crimes defined therein apply to boys over 12 years of age whether under or over 16 years of age, but that the statute authorizing a sentence to the reformatory does not apply to those under 16. Where a boy under 16 commits a crime of such a nature and under such circumstances that the court is of opinion that he ought not to be committed to the training school, the only alterna-

tive open to the court is to sentence him to the state prison. There-after he may be transferred, by the proper authorities, from the prison to the reformatory if that be a more appropriate place for him. State v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42. L. R. A. (N. S.) 978, Ann. Cas. 1914A, 1248. We are satisfied that the court had the power to impose the sentence pronounced and the judgment is affirmed.