STATE EX REL. IDA WILLIAMS v. JUVENILE COURT OF RAMSEY COUNTY AND ANOTHER.[1]

May 22, 1925.

No. 24,599.

**Who is not a dependent child.**

1. A nine year old child, whose father is temporarily disabled from supporting her, but is being suitably maintained in a proper environment by a stepmother who is keeping the family intact, is not a dependent child within the meaning of the Juvenile Court Act.

**Jurisdiction of juvenile court does not extend to child domiciled in another state.**

2. The Juvenile Court Act, so far as it provides for the judicial determination of dependency of children, does not permit such an adjudication with respect to a child domiciled in another state, but at the time being, in Minnesota for a temporary purpose.

1. See Infants, 31 C. J. p. 993, § 13.
2. See Infants, 31 C. J. p. 990, § 7 (1926 Anno).

Upon the relation of Ida Williams the supreme court granted its writ of certiorari directed to the juvenile court of Ramsey county

[1]Reported in 204 N. W. 21.

and the Honorable Grier M. Orr, judge thereof, to review a decision of that court dismissing a petition to declare a minor to be a dependent child.   Affirmed.

*T. D. Sheehan* and *Oppenheimer, Peterson, Dickson & Hodgson,* for petitioner.

*Oscar Hallam,* for respondents.

STONE, J.

Certiorari to review an order dismissing a petition to have adjudged dependent a nine year old girl.   The matter is controlled by sections 1 and 11, chapter 397, L. 1917 (G. S. 1923, §§ 8636, 8637), construed in State ex rel. Mattes v. Juvenile Court, 147 Minn. 222, 179 N. W. 1006.   The girl's mother died a year or so after her birth; her father remarried and this controversy is between a sister of the child's mother on the one hand and her stepmother on the other, under circumstances which, it should be said in justice to both, reflect no discredit on either.   The father is serving an indeterminate prison sentence in another state, but his wife has remained loyal to him and, with the assistance of her own relatives, has furnished and continues to furnish a comfortable home, not only for the two children of her own, but also for the stepchild now sought to be made a ward of the state and subjected to the guardianship of the Board of Control, as authorized by section 12, chapter 397, p. 567, L. 1917, G. S. 1923, § 8647.   There is no question as to the stepmother's having voluntarily and definitely placed herself in loco parentis to the child.   (Compare In re Besondy, 32 Minn. 385, 20 N. W. 366, 50 Am. Rep. 579).   She seems to have assumed the duties of motherhood as fully with respect to this little girl as to her own children.  . No question is made either as to her inclination or ability to furnish proper moral environment for all three children.

The father has not consented to having the child declared dependent.  ' It may be assumed, as a fair implication from the record, that his wife is acting for him as much as for herself in resisting the proceedings.   Her apparent and laudable effort seems to be to maintain the family intact pending the father's return to them.

It is needless to say that it would be a cruel and inadvisable thing for government to thwart such an endeavor by seizing and making a state ward of this girl, a half sister to the other children of the family. That is not the intent of the law and is just the sort of government invasion of the family circle intended to be prevented by the proviso of section 11, chapter 397, p. 566, L. 1917 (G. S. 1923, § 8646), which reads as follows:

"Provided, however, that in no case shall a dependent child be taken from his parents without their consent unless, after diligent effort has been made to avoid such separation, the same shall be found to be needful in order to prevent serious detriment to the welfare of such child."

Without now discussing when or under what circumstances a stepmother may be considered, for any purpose, a parent of her stepchild, we hold, without hesitation, that in this case the stepmother is a parent within the meaning of this proviso. It is a bar to this proceeding for there is no suggestion that its success is "needful in order to prevent serious detriment to the welfare" of the child.

There is another obstacle to relator's purpose to have the child declared dependent. The little girl was subjected to the jurisdiction of the juvenile court at a time when her domicile was in California. It would be intolerable for this state to take advantage of the temporary presence here of a child, domiciled in another state, for the purpose of making it a ward of Minnesota. The controlling statute is not intended to have such an application to children, however dependent, not domiciled in this state.

Order affirmed.