## STATE v. MARJORIE ZENZEN.[1]

November 1, 1929.

No. 27,492.

 

*John G. Priebe,* for appellant.

*Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for the state.

WILSON, C. J.

In this case a 16-year old girl was adjudged to be a delinquent child and she was ordered committed to the Hennepin County Home School for Girls until the further order of the court. The appeal is from an order denying a new trial. May a review be had by appeal?

Juvenile delinquents are not criminals. Peterson v. McAuliffe, 151 Minn. 467, 187 N. W. 226; G. S. 1923, § 8636, as amended, 2 Mason, 1927, id. Proceedings involving juvenile delinquents are had pursuant to G. S. 1923, c. 73A, as amended, 2 Mason, 1927, id. which fails to provide for an appeal. The legislature did not give that right. Unless such right is given expressly or by implication, it does not exist. It is not an inherent right. The right of appeal was unknown to the common law. Perhaps the legislature did not consider an appeal necessary. In such a proceeding the state intervenes primarily in the interest of the child and secondarily in the interest of society. The act does not provide machinery for guard-

[1]Reported in 227 N. W. 356.

ing the interest of the child upon an appeal. We think the character of the proceeding and the language of the statute lead to the conclusion that there is no appeal. The authorities so hold. 31 C. J. 1109; Van Leuven v. Ingham Circuit Judge, 166 Mich. 115, 131 N. W. 531; Dinson v. Drosta, 39 Ind. App. 432, 80 N. E. 32; Marlowe v. Commonwealth, 142 Ky. 106, 133 S. W. 1137; State v. Bockman, 139 Tenn. 422, 201 S. W. 741; People v. Piccolo, 275 Ill. 453, 114 N. E. 145; Fowler v. Fowler, 24 Cal. App. 529, 141 P. 1053; Ex parte Bartee, 76 Tex. Cr. 285, 174 S. W. 1051; Cullins v. Williams, 156 Ky. 57, 160 S. W. 733. Certiorari may be available. State ex rel. Williams v. Juvenile Court, 163 Minn. 312, 204 N. W. 21. Habeas corpus may be available. Peterson v. McAuliffe, 151 Minn. 467, 187 N. W. 226.

Appeal dismissed.