BERNARD R. RILEY, *Plaintiff in Error*, v. CARL HOLMER, Supervisor of Registration, Dade County, Florida, *Defendant in Error*.

En Banc.

Opinion filed October 21, 1930.

*Bart A. Riley,* for Plaintiff in Error;

*Effie Knowles,* for Defendant in Error.

TERRELL., C. J.—Plaintiff in Error, being a married male minor of the age of eighteen years, exhibited his petition in mandamus against the Defendant in Error as supervisor of Registration of Dade County, Florida, to require that he (petitioner) be permitted to register as a prerequisite to vote in the primary and general elections to be held in 1930. A demurrer to the alternative writ was sustained and the writ dismissed. Writ of error was taken to that judgment.

This suit was brought on the theory that the fact of his marriage emancipated the petitioner from the disability of non-age in so far as it relates to the right of suffrage. In this situation, the sole question presented here for our consideration is whether or not, under the law of this state, marriage has the effect of removing the infirmity of non-age from a male minor and making him eligible to vote.

For the relief sought, Plaintiff in Error relies on Section 3962 Rev. Gen. Stats. of 1920 (Section 5881 Comp. Gen. Laws of 1927) which is as follows:

> "The disability of non-age of all male minors who are married, who have been married, or who may hereafter become married, is hereby removed, and that hereafter all such persons are hereby authorized to assume the management of their estate, to contract and be contracted with, to sue and be sued, *and to do and perform any and all acts, matters and things that he could do if he were twenty-one years of age.*"

Under our law, both males and females are minors till they reach the age of twenty-one years. Beekman v.

Beekman, 53 Fla. 858, 43 So. R. 923. This was the common law rule. To what extent the disability of minority may be removed depends on statutory and constitutional provisions. 31 C. J., 986. It is competent for the legislature to regulate the age of minority or majority and it may prescribe a different age for the two sexes. In some states, the emancipation statutes by reason of marriage seem to have the effect of removing all the disabilities of non-age as though the one affected had attained the age of majority. Row v. Caldwell, 145 La. 853, 83 So. R. 43; Hays v. Bowdoin, 159 Ala. 600, 49 So. R. 122; White v. Latimer, 12 Tex. 61, 31 C. J. 986.

Our statute as here quoted for the removal of the disabilities of married male minors appears to have been designed to remove all the civil disabilities imposed by reason of minority but as to the right to vote it is ineffective because Section 1 of Article VI of the constitution in defining the qualifications to vote among others, limits the right of suffrage to male citizens twenty-one years of age. Article XIX of the Federal constitution in effect extends the right of suffrage to females without reference to age as to either, that being a matter left for the state to determine. Section 215, Rev. Gen. Stats. of 1920 (Section 248 Comp. Gen. Laws of 1927) effectuated the provisions of Section 1 of Article VI of the constitution. Where the constitution in terms prescribes qualifications for suffrage the legislature is powerless to modify these qualifications. McCreary on Elections, (3rd Ed.) Section 11.

But the plaintiff in error contends that this conclusion is overcome by the provisions of Section twenty-one of Article III of the constitution which authorizes the legislature to enact general laws ''relieving minors from legal disabilities.'' The answer to this contention is that

Section 21 of Article III of the constitution has reference to general disabilities of minors while Section 1 of Article VI is a special provision dealing with the right of suffrage. A special constitutional or statutory provision treating a specific subject matter will generally supersede and overcome a general provision treating the same subject.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, ELLIS, STRUM and BUFORD, J. J., concur.