## STATE EX REL. VIOLET WHITE v. INEZ PATTERSON.[1]

March 24, 1933.

No. 29,346.

[1]Reported in 249 N. W. 187.

*John B. Pattison* and *J. A. Cashel*, for relator.

*Harry H. Peterson*, Attorney General, and *William S. Ervin*, Assistant Attorney General, for respondent.

HOLT, Justice.

Relator appeals from the order and decree of the district court quashing the writ of habeas corpus issued herein and remanding relator to the custody of respondent, the superintendent of the Home School for Girls of the state of Minnesota.

By the return to the writ respondent justified the retention of relator under a warrant of commitment issued upon an adjudication of her delinquency by the probate court of Nobles county, this state. The commitment is regular on its face. And we accept as correct appellant's proposition that "on habeas corpus, where the return shows that the respondent retains the person under a commitment fair on its face, errors in the proceedings in which the commitment was adjudged to issue cannot be reached, the only

question open to consideration on the appeal from the order quashing the writ is the constitutionality of L. 1917, c. 397, under which the judgment was rendered."

Appellant cites Peterson v. McAuliffe, 151 Minn. 467, 187 N. W. 226, as authority for the proposition just quoted. It is. That case also determined that L. 1917, p. 561, c. 397, 2 Mason, 1927, §§ 8636-8670, was constitutional and that the juvenile court of Hennepin county, presided over by a district judge, had authority and jurisdiction thereunder to commit delinquent children to such institutions, persons, and guardianships as in the act designated. There is no need further to consider the constitutionality of the act itself. However, that case did not question the constitutional authority of the court which exercised jurisdiction. The contention now is that the jurisdiction of probate courts is limited by art. 6, § 7, of the constitution, which declares:

"A probate court shall have jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction, except as prescribed by this Constitution."

Minors or children are persons usually understood to be proper subjects for guardianship. The constitution does not undertake to define or designate those who are subject to guardianship. In State ex rel. Chesley v. Wilcox, 24 Minn. 143, the contention was that the probate court had not jurisdiction to arrest, examine, or commit an insane person to the insane hospital; but the court said [24 Minn. 148]:

"The putting under guardianship of all persons who are proper subjects for it—insane persons, incorrigible drunkards, idiots, spendthrifts, as well as minors—comes within this jurisdiction."

The court also adds [24 Minn. 148]:

"The manner in which jurisdiction conferred by the constitution on any court or officer shall be exercised when not prescribed by the constitution itself, or the power to regulate it vested elsewhere, may be regulated by the legislature."

This regulation has been done by the legislature in respect to dependent, neglected, and delinquent children by said L. 1917, p. 561, c. 397, which is a comprehensive code on the subject. The welfare not only of such children but of society requires that they be placed under guardianship in order to receive proper care and training. Even though a delinquent child may have transgressed some penal ordinance or statute, the act here in question does not attempt to punish the child therefor. Section 21 thereof specifically declares that adjudication of delinquency shall in no case be deemed a conviction of crime. State v. Olson, 156 Minn. 181, 194 N. W. 942. It defines who are dependent, neglected, or delinquent children, and leaves it to the probate court to determine whether a child properly brought before it belongs in one of the classes mentioned. If the court finds that the child does belong in the class charged, the child is a proper subject for guardianship and within the constitutional jurisdiction of the probate court and is to be dealt with as the law prescribes.

Under our statute, G. S. 1923 (2 Mason, 1927) § 8706, a minor is a male under 21 years and a female under 18 years of age. At common law females as well as males ceased to be minors when 21 years. 31 C. J. p. 986, § 3. Where, as with us, the constitution is silent on the subject, the legislature is free to fix the age at which a child ceases to be a minor. Rafus v. Daley, 103 Vt. 426, 154 A. 695. Sex may justify a difference of age in attaining majority. Riley v. Holmer, 100 Fla. 938 (Part I), 131 So. 330. In Gouanillou v. Industrial Acc. Comm. 184 Cal. 418, 419, 193 P. 937, 938, it was held:

"The age of majority is a matter of legislative regulation, and the legislature may prescribe a longer period of minority for some purposes than for others."

That was a case under a workmen's compensation act which provided that females as well as males were minors until 21 years of age. The civil code of California in effect provides that females of the age of 18 are not minors. So also in the case of dependent,

neglected, or delinquent children, no constitutional inhibition or any good reason denies the legislature the right to continue them under guardianship for a longer period than other children. The relator was therefore not entitled to release upon arriving at 18 years of age.

The record shows that relator was born July 1, 1914; was adjudicated to be a delinquent child on September 27, 1929, and committed to the Minnesota Home School for Girls until 21 years of age, unless discharged prior thereto; and obtained the writ herein on September 3, 1932. L. 1917, p. 561, c. 397, was amended by L. 1927, p. 288, c. 192, which added these provisions to § 2 (2 Mason, 1927, § 8637):

"This act shall apply to children under the age of eighteen years, except as hereinafter provided.

"When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue for the purposes of this act under the jurisdiction of the court until he becomes nineteen years of age, unless discharged prior thereto by the court."

The writ is quashed, and relator is remanded to the custody of respondent.

