TERRELL, Justice.
Appellee, a minor of the female persuasion, was married in February 1953, and in September thereafter entered into an oral agreement with Foods, Inc., to work as a waitress in Sandspur Drive-In where foods and alcoholic beverages are dispensed for consumption on the premises. Shortly after her employment the State Beverage Department preferred charges against Foods, Inc., for having in .'its employment a person under twenty-one years of age in violation of F.S. § 562.13, F.S.A., Foods," Inc., declined to discharge appellee, absent an order of a court of competent jurisdiction holding that her employment was illegal. Appellee. then instituted this suit for Declaratory Decree to. determine whether or not. appellee as an employee of Foods, Inc., .could legally serve alcoholic beverages as such employee. The circuit judge answered this question in the affirmative. Defendants have appealed from that decree.
F.S. § 562.13, F.S.A., declares it unlawful for any vendor of alcoholic beverages under the law of this State to employ any person under twenty-one years of age. F. S. § 743.03, F.S.A., removes the disabilities of nonage of all female minors who are “married, who have been married, or who may hereafter become married, including those divorced or hereafter divorced”. Section 450.23, F.S. 1951, now F.S. § 450.071, F.S.A., makes it unlawful if any “person under twenty-one years of age, whether such person’s disabilities of nonage have been removed by marriage or otherwise, shall be employed, permitted or suffered to work in, about, or in connection with, any poolroom, billiard room, brewery, saloon, barroom, or any place where alcoholic beverages are manufactured or sold”.
The trial court evidently reasoned that F.S. § 743.03, F.S.A., had the effect of removing all the disabilities of nonage but we construe it to apply only insofar as they are affected by marriage. It has no reference to the disabilities of persons employed to dispense alcoholic beverages for consumption on the premises, whether male or female, if they are under the age of twenty-one. F.S. § 450.071, F.S.A., has to do with the same subject matter and is a positive injunction against the employment of those under twenty-one to “work in, about, or in connection with”. any place where alcoholic beverages are manufactured or sold. The prohibition could hardly be clearer or more specific. In fact *674 we think the terms of the statute-are so definite and positive that they defy interpretation. It would be an example of supererogation to fortify this pronouncement with a discussion of the rules governing statutory construction.
Appellee being under twenty-one years - of age, Foods, Inc., was prohibited from employing her to dispense alcoholic beverages. For the reasons so stated, the decree appealed from must be and is hereby reversed.
Reversed.
ROBERTS, C. J, and SEBRING and MATHEWS, JJ, concur.