RAWLS, Judge.
I
Pursuant to Florida Appellate Rule 4.6, 31 F.S.A., the Honorable Ernest E. Mason, one of the Judges of the First Judicial Circuit of Florida, has certified the following question to this Court, viz.:
“DOES THE FATHER OF A TWENTY YEAR OLD MARRIED WOMAN WHO WAS LIVING WITH HER HUSBAND, WHO SURVIVED HER, AT THE TIME OF HER DEATH RESULTING FROM AN AUTOMOBILE ACCIDENT, HAVE A RIGHT OF ACTION AGAINST THE NEGLIGENT DRIVER OF THE OFFENDING AUTOMOBILE AND THE OWNER THEREOF WHO PERMITTED ITS USE, UNDER SECTION 768.03, FLORIDA STATUTES, 1961?”
The question certified is without controlling precedent in this state, and an instruction from this Court will facilitate the proper disposition of the cause and hence is entitled to an answer.
, The facts as stated by the learned Circuit Judge are:
On the 16th day of March, 1964, the Plaintiff Charles J. Guarniere filed his Complaint against the Defendant William W. Henderson, Jr., as the Administrator of the Estate of John Joseph Henry, deceased, driver, and as Administrator of the Estate of Richard Allen Wiseman, deceased, owner, of an automobile involved in a head-on collision with an automobile wherein Patricia Guarniere Hoyer, allegedly the Plaintiff’s minor daughter was a passenger, such collision resulting in her instant death. The suit was brought under Section 768.03, Florida Statutes 1961, F.S.A., and in his Complaint the Plaintiff, as father of his 20 year old deceased daughter, charged John Jbseph Henry, the deceased driver, with having negligently and wrongfully caused the death of his daughter.
In addition to a general denial by answering each of the numbered paragraphs of the Complaint, the Defendant in his capacities as Administrator of the two estates, filed two additional defenses called, respectively, Second Defense and Third Defense. In his Second Defense the Administrator alleged that Patricia Guarniere Hoyer was at the time of her death, and had been for more than sixteen months prior thereto, married to Lt. Dennis Eugene Hoyer of the United States Marine Corps and at the time of the collision and her death, and for some time prior thereto, had been living with her said husband by whom she was, and for approximately four months prior to her death had been, pregnant at the time of her death, and that by reason of such facts the Plaintiff as father of the said decedent does not have a cause'of action for her death. In his Third Defense the Administrator alleged that prior to and at the time of the death of the said Patricia Guarniere Hoyer she had been and was a married woman, that her husband, Lt. Dennis Eugene Hoyer of the United States Marine Corps, survived her death and that any cause of action which may have arisen on account of her death at the time thereof vested in her said husband and not in the Plaintiff, her father, who by reason of such facts has no cause of action for the death of his deceased daughter. That prior to the institution of this suit her surviving husband died.
*619 Section 768.03, Florida Statutes, F.S.A., provides in part:
“Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness, or default of any individual * * * the father of such minor child * * * may maintain an action * * * ”
Plaintiff argues that Section 768.03, Florida Statutes, F.S.A., which was originally enacted in 1899, created a cause of action in his favor; that the marriage of his daughter relieved her of those disabilities of non-age enumerated in Section 743.03, but she remained, in spite of her marriage, a minor for all other purposes, including that of Section 768.03. On the other hand, Defendant contends that since 1899 this is the first reported occasion of anyone having the audacity to urge that the parent of a married woman living with her husband, who survived her, had any right of action for her wrongful death. The Defendant argues that the legislature by other statutory enactments clearly intended that the marriage of decedent changed her status from a “minor” to an “adult” for the purposes of said section. We agree with Defendant’s position.
Florida’s initial wrongful death act was enacted in 1883. The substantive provisions of said act have been brought forward and are now set out in Sections 768.01 and 768.02, Florida Statutes, F.S.A. The initial act made no provision for recovery by the surviving parents for the wrongful death of a minor child unless they were dependent upon him for support. It was to remedy this condition of the law and to give some relief to parents for the wrongful death of their minor children that brought about the enactment in 1899 of Chapter 4722, the predecessor of Section 768.03 which contains substantially the same provisions.
It was held in Seaboard Air Line Rail" road v. Moseley[1] that the recovery author-* ized by this latter enacted section is for injuries that are personal to the parents, viz.: loss of services of the child and mental pain and suffering of the parent
In Florida East Coast Ry. Co. v. Hayes,[2] it was held that damages contemplated by the predecessor of Section 768.03, Florida Statutes, F.S.A., included mental pain and suffering of the parents directly, naturally and necessarily resulting from the wrongful death of their minor child and the value of the services of such minor child.
Analysing the situation existing in the instant cause, we find that there inured to decedent’s surviving husband a cause of action by virtue of the provisions of Sections 768.01 and 768.02, Florida Statutes, F.S.A., to recover for the loss of her services and consortium and for his own mental pain and suffering occasioned by her wrongful death among the other possible elements of damage which he could establish in connection with his claim; and that this cause of action survived by reason of Section 45.-11. Clearly the surviving parents in this instance do not have any cause of action for loss of decedent’s services because the husband was entitled to the exclusive services of his wife. However, if he should construe Section 768.03 in accordance with the theory of plaintiff, we would be confronted with a surviving husband recovering damages for his mental pain and suffering and loss of services and concurrently therewith the surviving parents recovering for their mental pain and suffering. We do not believe that such was the intent of the legislature. There is no logical predicate to assume that the parents of a married child under the age of 21 will incur mental pain and suffering to any greater degree than the parents of a child over the age of 21, and, as we view it, if the legislature had intended for parents to be compensated for their mental pain and suffering *620 occasioned by the loss of their emancipated children, then it would have clearly made such provision. In the absence of such a clear provision, we must agree with the statement of Mr. Justice Holmes in Roschen v. Ward,[3] where he stated: “[T]here is no canon against using common sense in construing laws as saying what they obviously mean.”
Plaintiff urges that decedent continues to be a minor within the meaning of Section 768.03, Florida Statutes, F.S.A., even though she was married and had lived with her husband some 16 months prior to her death, and in support of this proposition directs our attention to the cases of Riley v. Holmer,[4] Florida Power & Light Company v. Bridgeman,[5] and Hunter v. Bullington.[6]
In the Riley case, plaintiff, a married man 18 years of age, filed a petition in mandamus against the supervisor of registration of Dade County, Florida to compel the supervisor to register him for the purpose of voting. The Supreme Court held that Riley did not come within the qualifications for sufferage prescribed in the Constitution of Florida and even though marriage removed the obstacle of minority, the constitutional provision could not be modified by statute. Since the Constitution required that he must be 21 years of age prior to being eligible to vote, his marriage was of no consequence for this specific purpose.
Plaintiff in the case sub judice urges the following quotation from the Riley case: We find no argument with the foregoing statement, for it is our view that the disability of minority has been removed by statutory provision in the instant cause.
“Under our law, both males and females are minors until they reach the age of twenty-one years. Beekman v. Beekman, 53 Fla. 858, 43 So. 923. This was the common-law rule. To what extent [this] the disability of minority may be removed depends on statutory and constitutional provisions.” (Emphasis supplied.)
In the Hunter case, the Plaintiff, a married female under the age of 21, filed an action for a declaratory decree seeking a determination on whether she could legally be employed as a waitress to serve alcoholic beverages. The Supreme Court in rejecting her contention observed that the statutory prohibition made it unlawful for any vender of alcoholic beverages to employ any person under 21 years of age and thereby constituted a positive injunction against employment of those under 21 years whether married or not. Again, as in the Riley case, the court was confronted with a positive prohibition expressed in years of age — not in terms of adults or minors. It could be argued that the legislature could have made such a restriction applicable to one 25 years of age if it had seen fit in regulating the liquor industry. And so the question of minority was of no real moment in that cause.
The Bridgeman case, insofar as it is of interest in this cause, concerned the wrongful death of Mrs. Bridgeman who was electrocuted and at the time of her death left surviving 6 children all under the age of 21 years. One of Mrs. Bridgeman’s daughters, Jane, was married prior to her mother’s death. The facts reveal that Jane was dismissed as a party plaintiff upon motion of the defendant, leaving the five surviving children to prosecute the action. It is a reasonable inference to conclude that in this instance the court held that the marriage of Jane prior to her mother’s death removed her from the status of a “minor.” Of the five remaining children, another daughter married during the period of time elapsing between Mrs. Bridgeman’s death and the institution of suit, and it was with *621 respect to this daughter that the court stated:
“ ‘Minor/ as used in this statute, refers to any one under twenty-one years of age. The fact that one of the parties was married would only have the effect of changing the quantum of damages. The statute states that ‘the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed.’
“As the married minor daughter is emancipated, the relation between this child and the parent has become changed and the duties owed to the minor by the parent are greatly diminished, and thus the damages recoverable by a married minor for the death of her mother may be slight as the damages sustained are not so great
“In the case at bar there can be no ■doubt about the right of the minor ■daughter, who was married after her mother’s death, to join as a party plaintiff, as she has suffered damages for which she is entitled to sue. The time at which we determine the status of the child is at the time of the death of the parent.”
We interpret the foregoing statement by the Supreme Court to hold that the married daughter’s status was determined as of the time of her mother’s death, at which time she was single, and that her damages were limited to the period of time between her mother’s death and the time she was married.
Our conclusion, after consideration of the various statutes on the subject and what we deem to be the intent of the legislature, is that the decedent’s marriage removed her disabilities as a minor and that upon her marriage she ceased to be a minor as contemplated by Section 768.03, Florida Statutes, F.S.A. Thus, no action was possessed by her parents by reason of her death and, therefore, the certified question presented for our decision is answered in the negative.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. Seaboard Air Line R. Co. v. Moseley, 60 Fla. 186, 53 So. 718 (1910).

. Florida East Coast Ry. Co. v. Hayes, 65 Fla. 1, 60 So. 792 (1913).

. Roschen v. Ward, 279 U.S. 337, 339, 49 S.Ct. 336, 73 L.Ed. 722 (1928).

. Riley v. Holmer, 100 Fla. 938, 131 So. 330 (1930).

. Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911 (1938).

. Hunter v. Bullington, 74 So.2d 673 (Fla. 1954).