QUESTION: Can a minor under eighteen years of age who has had the disabilities of his minority removed by marriage but who has not completed a driver education course obtain or be issued an operator's license?
SUMMARY: Section 322.111, F.S., requires persons under eighteen years of age to complete a driver education course prior to obtaining an operator's license. Since the specific age of eighteen years, and not the term "minority," is employed by s. 322.111; since, at the time of its enactment, s. 322.111 did not impose a disability on all minors, but only on those under eighteen years of age; and since the requirement of a driver education course could be legitimately required of all persons, whether minor or adult, the requirement of s. 322.111 is not a disability of minority and, hence, is not removed by s. 743.01, F. S., in the event a minor under eighteen years of age should marry. The answer to your question is negative. At common law, a person remained a minor until he attained the age of twenty-one years. Beekman v. Beekman, 43 So. 923 (Fla. 1907). The age of reaching majority was recently changed by statute to eighteen years of age. See Ch. 73-21, Laws of Florida (s. 743.07, F.S.). There was no provision in the common law for the removal of the disabilities of minority; hence the only means of removing them is provided by statute. Section 743.01, F.S., provides as follows: The disability of nonage of a minor who is married or has been married or subsequently becomes married, including one who is divorced, widowed, or widowered, is removed. The minor may assume the management of his estate, contract and be contracted with, sue and be sued, and perform all acts that he could do if not a minor. Former attorneys general of Florida have interpreted this section as not making minors adults for every purpose contemplated by law, but only to the extent reasonably necessary to establish and maintain a household. See AGO's 072-80 and 046-351. While it is arguable that operating a motor vehicle is a necessity in maintaining a household, it is my opinion that the rule established by the courts for applying s. 743.01, supra, does not allow the requirement of driver education to be waived. In Riley v. Holmer, 131 So. 330 (Fla. 1930), the Supreme Court of Florida held that s. 743.01, supra, does not render a married minor eligible to vote at an age lower than that allowed by the Constitution. Later, the same court held that the marriage of a minor female does not allow her to be employed, contrary to statute, by a vendor of alcoholic beverages. Hunter v. Bullington,74 So.2d 673 (Fla. 1954). These cases were considered and explained in Guarniere v. Henderson, 171 So.2d 617 (1 D.C.A. Fla. 1965). In Guarniere, a father brought suit under the Wrongful Death of Minors Act to recover for the death of his married, twenty-year-old daughter. Holding that recovery was barred because the married daughter legally was no longer a minor, the court distinguished the Riley and Hunter cases, supra. The Wrongful Death of Minors Act was explicitly written to apply to minors. On the other hand, the provisions of law under consideration in Riley and Hunter, supra, had employed the specific age of twenty-one years rather than the term "minor." The court concluded that in those statutes, where a specific age was used, the question of minority was of "no real moment" and that the restrictions in those statutes could have named any age. In applying the rule of the Guarniere case, supra, to s. 322.111, F.S., the question to be determined is whether or not minority is of any "real moment" in the intended application of the statute, or whether the restriction therein provided could have named any age. Section 322.111, provides as follows: (1) Beginning July 1, 1970, no operator's or chauffeur's license shall be issued to any person under eighteen years of age unless such person shall have successfully completed a driver education course which is given by a school in the public school system in compliance with s. 233.063 or which is given by some other nonpublic school which meets the requirements of s. 233.063(4)(a) and (b), or an agency which is licensed by the department. A significant feature of this statute is that it speaks in terms of the specific age of eighteen years rather than in terms of minority. Additionally, at the time of the enactment of s. 743.01 in 1967, the age of majority was twenty-one rather than eighteen, as it is now so provided in Ch. 73-21, supra. Hence, the requirement for a driver education course, when enacted, was not a burden shared by all minors and, hence, technically not a disability of minority. Moreover, it would appear that it is within the authority of the legislature to require such a course of every applicant for an operator's license. See, Thornhill v. Kirkman, 62 So.2d 740 (Fla. 1953); Smith v. City of Gainesville, 93 So.2d 105 (Fla. 1956); and City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959), all of which uphold the state's authority to require a driver's license and to place reasonable restrictions on the use and enjoyment of the license. Hence, here as in the Guarniere case, the restriction of the statute in question could have named any age. The above analysis leads to the conclusion that the requirement of s. 322.111, F.S., is not a disability of minority which is removed by marriage.