FRANK M. ARNE v. PAULINE L. HOLLAND.[1]

February 7, 1902.

Nos. 12,869—(192).

## Divorce—Modification of Decree.

The proper practice in securing a modification of an order or decree in divorce proceedings, under G. S. 1894, §§ 4801–4803, is by application in the original action, and not by the commencement of an independent suit upon a new complaint. Upon a hearing for such modification it is discretionary with the trial court whether the evidence bearing upon the question shall be in the nature of affidavits, or duly sworn and examined witnesses. In this character of proceedings the court is not limited strictly to rules applicable to the introduction of evidence in ordinary cases, and its rulings and orders are not subject to the same legal exactness. The legal test required is that the court shall not abuse its discretion.

## Evidence—Rulings of Court.

Evidence and rulings examined, and found to contain no error. *Held* that, in modifying a preceding decree as to the custody and control of a child, the court did not abuse its discretion.

Action in the district court for Ramsey county to reform and modify a final judgment entered in a former action for divorce between the same parties touching the custody and care of their minor child. The case was tried before Kelly, J., who made findings of fact, and as conclusions of law directed that the child Raymond S. Arne be placed in the Shattuck School at Faribault, Minnesota, for his care and education, until such time as the court

[1] Reported in 89 N. W. 3.

85 M.—26

shall determine, each of the parties to the action paying one-half of the proper expenses incident thereto. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*E. S. Thompson*, for appellant.

*W. H. Williams* and *Freeman P. Lane*, for respondent.

LEWIS, J.

Appellant and respondent were married and lived together as husband and wife from 1890 until about 1897, when a divorce was granted the husband from the wife; and in the decree the following disposition was made of their child, then about five years old:

"That the plaintiff, Pauline L. Arne, be, and she is, awarded the care, custody, and control of the child, Raymond S. Arne, until he attains the age of eight years; that the defendant, Frank M. Arne, be, and he is, awarded the care, custody, and control of said child, Raymond S. Arne, from the time said child attains the age of eight years and until he attains his majority; that, during the time said child remains in the custody of either parent as provided herein, the other parent be, and he or she is, permitted to call upon and visit said child at all reasonable hours of the day, as often as twice every week; and that such parent be, and he or she is, allowed the custody and control of such child one day in every calendar month."

Soon after the granting of the decree of divorce, respondent married Theodore Holland, and until a short time prior to the trial of the present action the child was under her control. During 1900 respondent was engaged in a business necessitating her traveling through the states of Wisconsin, Michigan, and Minnesota, and on her trips she took the boy with her,—at one time taking him to Canada, where she kept him a while, for the ostensible purpose of removing him beyond the reach and control of the father. Appellant, deeming such action on her part a violation of the decree of the court as to the custody of the child, commenced this action by the issuance of a summons and filing of a regular complaint, setting up the entire history of the parties, and asking for a modification of the decree by striking out and expunging therefrom all control over and right of visitation to the child by respondent. To this complaint an answer was served, and the cause came on for trial upon the issues thus presented.

The trial court made findings of fact and conclusions of law. After reciting the facts of marriage, divorce, and former decree, the court found that, ever since the entry of the decree, respondent had the care, custody, and control of the child, until the latter part of 1900; that she had contributed of her means substantially everything that had been required for the child's maintenance; that she had usually taken the boy with her on her business trips, and had conveyed him to Canada for the purpose of concealing him from appellant, who shortly thereafter forcibly brought the child back to St. Paul. The court found the various charges against respondent reflecting upon her character and her personal unfitness and financial inability to have charge of the child to be untrue; that appellant had contributed very little towards his support; and that respondent had never requested it of him. As a conclusion of law, the court modified the preceding decree, by directing that the boy be placed in Shattuck School, at Faribault, Minnesota, and that the rector of the institution, and his successors in office, should have the legal custody and control of him, for the purpose of his mental and moral training, subject to the parents' right of visitation. Appellant appealed from the judgment entered and presents the case to this court under forty-one assignments of error. These assignments deal principally with three propositions: Alleged error in respect to certain evidence; alleged error on the part of the trial court in refusing to permit the child to be interrogated upon the witness stand; but the principal contention is that the evidence does not justify the findings of fact.

Appellant has entirely misconceived the nature of the proceeding. He was entitled to a hearing upon the modification of the decree as to the custody and control of the child, but application therefor should have been made by way of direct petition in the original case, and not by the commencement of an independent action. Under such petition it would be discretionary with the court whether the evidence be confined to affidavits, or witnesses be called and examined orally before the court.

G. S. 1894, §§ 4801–4803, contemplate that the order of the court with reference to the custody of children may, upon due cause, be modified at any time; and, while such order may be made inde-

pendently of the decree, the fact that it is entered into and made a part of it does not take away the power of modification. Every decree of divorce is entered in pursuance of, and is founded upon, the statute. The statute contemplates a short and speedy remedy regarding the modification of such decrees or orders. The ultimate question to be determined by the court upon such a hearing is, do the child's interests demand a modification of a preceding order?

The court is not limited to any particular line of inquiry, and is not bound by the strict legal rules governing the introduction of evidence, and its orders and directions in that respect cannot be subject to the same legal tests usually applicable in the trial of causes. The test to determine the validity of the court's order in such proceedings is, was there an abuse of discretion? The practice adopted in this case of commencing an independent action should not be encouraged. It is cumbersome, expensive, and not adapted to accomplish the best results. For these reasons, we shall decline to review the many assignments of error, which, for the most part, are without merit; and the rulings were ·clearly within the discretion of the court. We shall treat the case as though it had been presented to the trial court by way of direct application in the original case to modify the preceding decree.

Appellant assumes that he is entitled to the exclusive care and custody of the child, provided it appears that there is some doubt about the propriety of leaving him in the mother's charge. But the standing which the statute gives the father regarding the care and custody of his minor children is not an absolute right. The essential thing is the welfare of the child, and in proceedings of this nature, where parents are separated, the court must determine, from the consideration of the evidence, and the ability, character, and standing of both parents, whether the statutory rule shall be modified or not. State v. Flint, 63 Minn. 187, 65 N. W. 272; State v. Greenwood, 84 Minn. 203, 87 N. W. 489.

In this case the learned trial judge appreciated the embarrassment of the situation, in trying to determine, as between the father and mother, what should be of greatest good to the child, and in a kindly and courteous spirit, in open court, advised them

to agree upon sending the boy to some proper institution, where he might be properly educated and cared for until he reaches the age when the law gives him the right to speak for himself. After receiving this suggestion from the court, both parties acquiesced in its wisdom, though there was some difficulty in deciding upon the school. Each parent offered to meet the entire expenses, and the order was finally made, requiring one-half thereof to be paid by the mother, and the other half by the father. While the order is not necessarily based upon the agreement of the parties, it was unquestionably made in view of the evidence, and was for the best interest, not only of the boy, but of his parents as well.

Judgment affirmed.