STATE ex rel. JAMES C. ANDERSON v. COLONEL E. ANDERSON
and Others.[1]

May 8, 1903.

Nos. 13,141—(33).

### Custody of Minor Child.

At the dying request of the wife, the father, relator in this action, consented that his newborn babe, and little girl five years of age, be given to their uncle and aunt to rear and educate, they having no children of their own. The children were then taken charge of and cared for by them during the period of three years, when the father, having remarried, demanded their possession, which was refused. *Held*, by statute (G. S. 1894, § 4540), the father, if competent to transact his own business, and not otherwise unsuitable, is entitled to the custody and care of the education of his minor children, but this right is not absolute, and may, under certain circumstances, be denied, if the best interests of the children require it.

### Future Custody.

From the evidence it appears that the habits and life of the father are not such as to justify the surrender of the children into his care and custody, unless he has established a permanent home, and the stepmother is qualified and willing to assume the responsibility. Considering the tender years of the children, and the satisfactory conditions now surrounding their care and maintenance, and the uncertainty attending a change at this time, it is ordered that for the period of two years from this date the children be awarded to the uncle and aunt, and be detained within the state of Minnesota, and subject to the further order of the court.

Appeal by relator from an order of the court commissioner for Todd county vacating a writ of habeas corpus and remanding the minor children of relator to the care and custody of respondents, Colonel E. Anderson and Delia Anderson. Affirmed.

*A. B. Church* and *Geo. C. Stiles,* for relator.

*A. G. Broker,* for respondents.

LEWIS, J.

The relator, James C. Anderson, father of Hazel and Annie

[1] Reported in 94 N. W. 681.

Grace Anderson, is a brother of respondent C. E. Anderson. Several years ago they married sisters, and in March, 1900, were residing at Des Moines, Iowa. At that time the wife of J. C. Anderson, mother of the children, died, leaving one of them a babe, and the other about five years of age. Upon her deathbed, in the presence of her husband, the mother requested her sister, respondent Delia, wife of C. E. Anderson, to take her children and rear them as her own. The babe was already in the sister's possession, and immediately after the death of the mother, which occurred a day or two later, the little girl was given to her. To this arrangement the father consented, and for a period of nearly two years thereafter he and his children occupied the home with the sister in Des Moines, sharing expenses. In the month of May, 1902, respondents C. E. Anderson and Delia, his wife, moved to Staples, Minnesota, taking the children with them, and have ever since had them in their care and control. About the time of their departure from Iowa the father married again, and requested that the elder of his children remain with him, to which request respondents did not accede. Thereafter the father made demand in Minnesota for the children, and, not securing possession of them, commenced proceedings in Todd county by habeas corpus to get control of them. The court commissioner having refused to order the children returned to relator, and having directed that they remain in the custody of respondents, appeal was taken by relator to this court, and the matter is submitted upon the depositions taken of the several parties interested and their witnesses.

Respondents attempt to justify their retention of the children upon the ground that they were turned over to them by the mother, with the father's consent, at a critical time, when the younger child was a babe, and, considering the age of the children, it is not proper to separate them from their present surroundings; and upon the further ground that the relator is not a suitable person to have the charge of children of such tender years, and that he is neither financially nor otherwise situated so as to justify the change.

In State v. Flint, 63 Minn. 187, 65 N. W. 272, and Arne v. Holland, 85 Minn. 401, 89 N. W. 3, the rule was adopted that, although the statute gives the parents the care and custody of their minor children, yet the right is not absolute, the essential thing being the welfare of the children. In the first place, the agreement on the part of the mother and father to deliver the children to the sister for the purpose of rearing them was not a legal and binding contract. Such contracts are against public policy, and in opposition to express provisions of the statute, but there may be circumstances under which effect will be given to such an arrangement, when it appears to be for the best interests of the children. The fact that the parent desires to recover possession of his children, and the fact that, within the meaning of the law, he may not have been shown to be an unsuitable person, are not necessarily decisive.

In the present case there is much testimony in respect to the relator's habits, as regards intemperance, immorality, and erratic nature, to the effect that he was not particularly successful in the acquirement of property, of a roving disposition, addicted to the use of intoxicating liquors, which he occasionally administered to his little girl, and was not above visiting places of ill repute. While these acts do not indicate a mind of that grade and type which would naturally know and do what was for the best interests of young children, yet we are unwilling to hold that his habits and temperament are so different from those of a large class of men that he should for that reason be picked out and branded as an unfit person to have charge of his own children, if he established a home, and the stepmother is a suitable person to assume the responsibility thereof. But, unless the wife is qualified to protect the children from such influences as the father seems naturally to impart, it may well be doubted whether, as a matter of right, he is in a position to claim them. It appears from the record that the uncle and aunt are financially able to provide for their wards; that during the past three years they have shown devoted care and tender solicitude for them, and have become attached to them; and that the children have been pleasantly and happily situated, and, if unmolested, will continue to

be cared for and educated in a proper manner. We are not informed as to the character and disposition of the stepmother; she may be an estimable lady, and well fitted to assume the responsibility. The aunt and uncle accepted the task imposed upon them by the dying mother, and have faithfully carried out the trust, and, we are led to believe, are acting for what they believe best for the little ones in resisting this application. The father should reconcile himself to the situation, and be grateful that his motherless children have had the benefit of a suitable home, and be content until such time as he shall prove, by his conduct and surroundings, that he is entitled to receive his own.

Respondents must understand that they are only temporary guardians, and have no authority to retain the custody of their nieces indefinitely. It is to be hoped that a spirit of brotherly regard and kindness will prevail, and that the courts will not again be called upon to arbitrate between these parties. But, under all the circumstances, the court is of the opinion that it would be unwise at this time to sever the relations now existing. If in the course of two years it turns out that the father has been able to establish a permanent home, and his wife shall prove a suitable person to assume the care and custody of the children under the circumstances then existing, it will be time enough for the court to cause them to be delivered. These little girls should not be separated during childhood, at least not until the older one is of a sufficient age to be able to judge for herself to a considerable extent, so that if the change, when it comes, should turn out to be unfortunate, she will be a companion and guardian of her younger sister.

For these reasons the order appealed from is affirmed, and it is ordered that respondents retain the custody, care, and control of the children within the state of Minnesota, and until the further order of the court.

Order affirmed.