STATE ex rel. DORA LEHMAN v. WILLIAM C. MARTIN and Another.[1]

June 9, 1905.

Nos. 14,055—(196).[2]

**Custody of Minor.**

1. The right of a parent to the care and custody of his minor child is, both at common law and under the statute, paramount and superior to the right of a third person. The presumption is that the parent is a fit and suitable person to be intrusted with the care of his child, and the burden is upon him who asserts the contrary to prove it by satisfactory evidence.

**Presumption in Favor of Minor.**

2. It is *held* in this case that the presumption was not overcome, and that respondent is entitled to the custody of his child.

Relator in behalf of Arlene Martin petitioned Walter Wakeman, as court commissioner for the county of Lyons, for a writ of habeas corpus against William C. Martin and J. H. Cutler. From his decis-

[1] Reported in 103 N. W. 888.          [2] April, 1905, term.

ion, after a trial, awarding the custody of the child to the relator until the further order of the court, William C. Martin appealed to the supreme court. Reversed.

*M. E. Mathews,* for appellant.

*Korns & Johnson,* for respondent.

BROWN, J.

Respondent is the father of Arlene Martin, a minor child of the age of about four years. About a month after her birth in the year 1900 the mother died, and the child was, with the consent of respondent, given into the care of relator, her grandmother, the parent of the child's mother. During this time the parties all resided at Tracy, this state. In 1904 respondent again married, and removed with his wife to Willow City, North Dakota, where he now resides and is engaged in business. He sought to take his child with him, and relator refused to part with her, whereupon respondent took forcible possession of her, and relator sued out a writ of habeas corpus to regain custody and control. The court commissioner who issued the writ, after hearing the evidence of the respective parties, awarded the child to relator, and respondent appealed. The matter was submitted to this court upon evidence taken before the court commissioner and some additional depositions.

The only question for our consideration is whether, from the evidence submitted, respondent is a fit and suitable person to have the custody and care of his child. His right, as the child's father, both under the statute and at common law, is paramount and superior to that of any other person, and prima facie entitles him to the judgment of the court, unless the evidence shows that the child's welfare demands and requires that she remain with relator. The burden to establish his unfitness is therefore upon relator. The question presented is whether the evidence adduced by her sustains the contention that respondent is unfit to care for his child.

We shall assume, what the evidence fairly shows, that relator is in a position properly to care for the child, and that under her guidance she would receive suitable care and attention. Some observations in the briefs of counsel for respondent on this subject we pass as unimportant, as the result of our examination is that the unfitness of respondent is not shown. The evidence discloses that respondent is

engaged in business at Willow City, North Dakota, his present place of residence; that he owns some property, though by no means sufficient to rank him as wealthy; that his present wife is a lady of respectability, attends church regularly, and mingles and associates with other ladies at her place of residence, and is well spoken of by the witnesses; that respondent also attends church, his habits are not bad, so the witnesses say, and he is at the head of one of the social organizations of the place. It is not suggested that he ever has or will abuse or ill-treat the child, but, on the contrary, the evidence shows that he regards her with a father's love and affection, and will treat her as well as the children of other parents similarly situated are treated. Some evidence was introduced tending to reflect upon his moral character after the death of his first wife and while he resided at Tracy, all of which we have considered with care. Much of this was denied by respondent, and we conclude, without stopping to determine the full truth in this respect, that the evidence, taken as a whole, is insufficient to justify us in saying that he is an unfit person to have the care and custody of his offspring.

The order is that judgment be entered awarding the custody of the child, Arlene Martin, to respondent. The order of the court commissioner appealed from is accordingly reversed.