HERMANDOS GAUTHIER v. ADELBERT L. WALTER
and Another.[1]

February 4, 1910.

Nos. 16,499—(239).

**Habeas Corpus — Hearing in Supreme Court.**
　　Upon an appeal in habeas corpus proceedings, the hearing in this court is, pursuant to section 4602, R. L. 1905, a trial de novo of the issues involved.

**Same — Custody of Minor.**
　　When the controversy is as to the custody of a minor, the best interests of the child are the controlling consideration.

**Same — Evidence.**
　　Evidence considered, and found to require a direction that the minor remain with his present custodians until further order.

[1]Reported in 124 N. W. 634.

Upon the petition of Hermandos Gauthier a writ of habeas corpus directed to Adelbert Walter and his wife Emma was issued by the district court for Ramsey county, requiring them to show cause why they detained petitioner's son, Archie Gauthier. They answered that the child came into their custody by the wish of his mother when he was less than two years old and for thirteen years since that time had been cared for and educated by them; that the father was not a fit person to have the custody of the child and such custody would be detrimental to the child's interests. The court, Bunn, J., awarded the custody of the child to his father. From the order, defendants appealed. Reversed.

*Frederic A. Pike,* for appellants.
*Oliver J. Cook,* for respondent.

O'BRIEN, J.

This is an appeal by the Walters, respondents in the court below, from an order of the district court in habeas corpus proceedings awarding the custody of Archie Gauthier, a minor, to the relator, Hermandos Gauthier.

The minor, whose custody is the contention in this case, is now a little more than fifteen years of age and is the son of the relator by his former wife, Rose. It appears that shortly after the birth of this child the relator and his wife separated. The child was for a while in an infants' home at Eau Claire, Wisconsin, afterwards with some relatives, and finally, when about two years old, the child was by his mother brought to this state and taken charge of by the Walters, with whom he has since continued to reside. About 1901 the relator obtained a divorce from his wife, Rose, in the proper Wisconsin court, the decree awarding the custody of the child, Archie, to his father. About 1902 the relator married his present wife, by whom he has one child, a boy.

The evidence indicates that at the time the Walters took the boy his mother agreed to pay them a weekly compensation, but that after the first week nothing was paid; that some six months after this the father ascertained the whereabouts of the boy, and from that time until some months ago occasionally visited him and made some contributions

towards his support; and that on a few occasions the boy visited his father at Eau Claire. The Walters and the boy appear to entertain a mutual affection for each other; he having ever since these proceedings were commenced expressed a desire to continue to live with them, although in a letter written by him some time previously he expressed a desire to live with his father.

The learned judge who presided at the hearing of this matter in the district court found that the evidence was insufficient to show that the relator was an unfit person to have the custody of his son, and that there was no evidence which would justify him in interfering with the natural right of the father to the custody of his child. An examination of the evidence submitted in the district court convinces us that it was sufficient to justify the findings as to the character of the parties, and if we were to determine this case under the rules governing appeals in ordinary actions we would have no difficulty in affirming the order of the district court. But in considering appeals in proceedings in habeas corpus this court is, under section 4602, R. L. 1905, required to try and render judgment on the appeal " * * * in the same manner as if the writ had originally issued out of the supreme court. * * * " The trial here, therefore, is de novo.

Upon the hearing, with the consent of both parties, the boy, Archie Gauthier, was questioned by the members of this court, and his statements convince us that he has been and is now well cared for by the Walters, and is strongly adverse to leaving the home in which he has been for the past thirteen years to go to his father. Under the circumstances we see nothing unnatural in this, and if we wish to avoid giving him the impression that he is being unjustly coerced we must, to some extent, view his rights from his standpoint.

There is, of course, no question that the legal custody of the boy is vested in the relator; but this does not compel us to force the minor into his physical custody, if such result would not be for the best interest of the child. State v. Flint, 63 Minn. 187, 65 N. W. 272; Arne v. Holland, 85 Minn. 401, 89 N. W. 3; State v. Anderson, 89 Minn. 198, 94 N. W. 681. In each case where, because of unfortunate domestic conditions, the courts are called upon to determine the very embarrassing question of to whom shall be awarded the custody

of minor children, every circumstance must be taken into consideration. When the child is so young that its own preferences cannot be considered, the character of him to whom the custody is awarded is generally controlling; and unless the person in whom the natural right rests is shown to be entirely unfit no court would be justified in arbitrarily depriving parents of the custody of their children. But when the minor has reached an age sufficient to have an intelligent and well-defined preference, especially in the case of a boy of considerable strength of will and intelligence, it is apparent that his inclination must be taken into consideration, if regard is to be had for his best interests. This is particularly true when it is attempted to change conditions which have long continued and to force a well-grown boy to recognize an authority which was unexerted during all the years while his character was being formed.

We desire, as far as possible, to avoid commenting upon the evidence in this case, or reflecting upon any of the parties to the proceedings. The undisputed facts have convinced us that the best interests of this child will be served by permitting him to remain where he is. Since he was two years of age he has regarded that home as his. The result has been mutual affection between the members of the household. The boy appears to have been reasonably well educated, and is undoubtedly bright and intelligent. His mother is still alive, while his father is again married and has a well-grown son by his present wife. Every condition which would lead to friction in the relator's present family would exist if the boy were now compelled, against his will, to become one of its members; and we cannot avoid the conclusion that to so compel him would be the surest method of making him sullen, discontented, and rebellious with the resultant effect upon his character which those conditions almost inevitably produce.

It is therefore ordered that the order appealed from be and the same hereby is reversed and further that Adelbert Walter and Emma Walter retain the care, custody, and control of the child, Archie Gauthier, within the state of Minnesota until the further order of this court.