STATE EX REL. J. O. RENNING v. MRS. A. R. ARMSTRONG.[1]

November 1, 1918.

No. 20,712.

**Custody of child by father — evidence.**

> Evidence considered and *held* insufficient to justify denying to the father the natural and legal right to the care and custody of his minor child.

Upon the relation of J. O. Renning the district court for St. Louis county granted its writ of habeas corpus directed to Mrs. A. R. Armstrong. At the hearing before Fesler, J., relator's demurrer to the return on the ground that relator had an absolute legal right to the custody of his daughter, was sustained, and the court admitted no evidence but

[1]Reported in 169 N. W. 249.

ordered judgment in favor of relator. From the judgment entered pursuant to the order for judgment, respondent appealed. Affirmed.

*H. W. Lanners* and *John Jenswold,* for appellant.

*Hugh J. McClearn,* for respondent.

BROWN, C. J.

Relator is the father of Sylvia Renning, an infant 9 years of age, the custody and care of whom is the subject matter of this proceeding. Her mother, relator's wife, died shortly after her birth, in July 1909, and with the consent of relator and at the death-bed request of the mother the infant was given into the care and keeping of respondent, a sister of the mother. She remained with respondent until the commencement of this proceeding, in March, 1917. At about that time relator married a second wife and then demanded that the child be given to him for future care and attention. Respondent refused to surrender the child and this proceeding followed. Judgment was given in the court below, awarding the custody of the child to relator and respondent appealed.

It is not seriously contended that relator is not a suitable person to have the custody and care of the child. The evidence discloses that with his present wife he maintains a home, provided with suitable surroundings for a child of the age of this one, and that he is financially able properly and suitably to support and maintain her. In that situation he is entitled to her custody, unless his present wife is shown in moral character unfit for the duties incident to bringing up young children. State v. Anderson, 89 Minn. 198, 94 N. W. 681. Her character is challenged by respondent and it is earnestly urged that she is immoral and wholly unsuited to the duties of adopted motherhood. We have read the record with special care and are unable to concur in that contention. We are unable to find that Mrs. Renning is seriously open to the attacks made against her, and therefore must conclude that the legal right of relator to the care and custody of his child cannot be denied. State v. Martin, 95 Minn. 121, 103 N. W. 888. While the best interest of the child is the controlling question in controversies of this kind, the natural right of the parent cannot be set aside on sentimental grounds, nor upon the theory that perhaps the child will receive more tender care at the hands of those having its actual custody and control. No doubt res-

pondent would give to this child the same kindly treatment and care as she would bestow upon her own children. But that is not the test in such cases. This is settled law in this state. Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634; State v. Martin, supra. A discussion of the evidence relative to the character of the present Mrs. Renning would serve no useful purpose. It is sufficient to say that we have read it carefully with the result stated.

The written agreement between relator and respondent, relative to the custody of the child by respondent, and contributions for its support by relator, are of no special importance. No binding obligations respecting the custody of the child were thereby created. State v. Anderson, supra.

It is therefore ordered that, subject to the further order of the court below in some future appropriate proceeding, if occasion therefor shall arise, the custody and care of the child in question be awarded to relator.

It is so ordered.