## STATE EX REL. RUTH PLATZER v. R. W. BEARDSLEY AND ANOTHER.[1]

### July 11, 1921.

### No. 22,498.

**Adoption of bastard — revocation of mother's consent.**

1. An illegitimate child cannot be adopted without the consent of the mother. Her consent, though given in writing and accompanied by a transfer of the custody of the child, may be revoked at any time before the child is legally adopted.

**Habeas corpus — new trial in supreme court — stipulation of parties.**

2. On appeal from the judgment of the district court in a habeas corpus proceeding to determine the custody of a child, there is a trial of the issue de novo, although the parties stipulated that the cause should be heard and decided solely upon the record in the district court, and this court will ascertain as best it may from the return to the writ, which was not traversed, what is for the best interests of the child.

**Care of infant child — presumption in favor of mother.**

3. The presumption that a mother is a fit and suitable person to be entrusted with the care of her infant child was not overcome by the uncontroverted allegations of the return.

[1]Reported in 183 N. W. 956.

Upon the relation of Ruth Platzer the district court for Hennepin county granted its writ of habeas corpus directed to R. W. Beardsley and Sadie Beardsley for the possession of relator's infant child. The court, Jelley, J., made findings and ordered that the child be returned to her mother. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*William T. Coe,* for appellants.

*Edwin C. Garrigues,* for respondent.

LEES, C.

Respondent is the mother of a female child born out of wedlock on February 20, 1921. On April 30 she signed an agreement consenting to its adoption by the appellants, and on May 18 the child was placed in their custody. On May 23 they filed in the district court of Hennepin county a petition for leave to adopt the child. It came on for hearing on that day. The respondent appeared in person and in open court stated that she withdrew and revoked her consent to such adoption, whereupon the court declined to go on with the proceeding. On the same day she applied to the district court for a writ of habeas corpus to regain possession of her child. Her petition alleged that the child had been given into the custody of appellants by a third person without the consent of the petitioner and that she had revoked her consent to its adoption. The return to the writ was that appellants held the custody of the child by virtue of the agreement of April 30, which was set out at length. The agreement recited that respondent was destitute and unable to provide suitable care and nourishment for her child. The return also alleged that appellants had performed their part of the agreement and incurred expenses in so doing amounting to about $100; that they were as much attached to the child as though it was their own, and that it was for its best interests to leave it in their custody. They also alleged that respondent had no suitable place to keep the child; was without means to support it, and that there was no valid reason why she should not keep her agreement with them. No evidence was taken in the district court, the matter being submitted on the pleadings and an admission of counsel as to the length of time the child had been in appellants' custody, namely, five days prior to the filing of the petition

for the writ. The findings in the district court were that it did not appear that the child would become a public charge if returned to the mother, and it did not appear from the pleadings and there was no evidence that it would not be for the best interests of the child so to return it. Judgment was ordered accordingly, and this appeal is from the judgment.

Prior to the hearing in this court the parties stipulated "that the cause may be heard and decided without the taking of further evidence and upon the record as certified by Honorable C. S. Jelley, District Judge." The record so certified includes the findings and order for judgment to which we have made reference. The hearing was had in this court pursuant to the stipulation on July 7, 1921.

Appellants could not adopt the child without obtaining respondent's consent. Section 7153, G. S. 1917 Supp. Her refusal to consent still left the child in appellants' custody. They base their right to retain the custody on her agreement with them and on the claim that it is for the best interest of the child that it be left with them.

The written agreement created no binding obligations respecting the custody of the child. State v. Anderson, 89 Minn. 198, 94 N. W. 681; State v. Armstrong, 141 Minn. 47, 169 N. W. 249; State v. Pelowski, 145 Minn. 383, 177 N. W. 627.

The vital question is whether it is best for the child to leave it where it is or to restore it to its mother. The hearing in this court, by virtue of the statute, is a trial of the issues de novo. Section 8312, G. S. 1913; Gauther v. Walter, 110 Minn. 103, 124 N. W. 634. The stipulation of the parties has made the record in the district court our only source of information in ascertaining the facts. We would have been better satisfied if testimony had been taken to show the actual conditions. In determining the future custody of a child, the formal allegations or pleadings do not adequately enlighten the court as to the actual situation. The pleadings consisted of the petition for the writ and the return to the writ. The return was not traversed as it might have been. Sec. 8301, G. S. 1913; State v. Sheriff of Hennepin County, 24 Minn. 87; State v. Billings, 55 Minn. 467, 57 N. W. 206, 794, 43 Am. St. 525. The claim of each party to the custody of the child rests entirely on the uncontroverted allegations of the pleadings. In considering these

allegations, we are guided by the rule that a mother has a natural right to and should not be deprived of the custody of her child, unless it is made to appear that the best interests of the child demand it.    State v. Pelowski, supra. The presumption is that a mother is a fit and suitable person to be entrusted with the care of her child, hence in the present case the burden was upon the appellants to overcome the presumption by satisfactory evidence. State v. Martin, 95 Minn. 121, 103 N. W. 888.

Our consideration of the facts which appear from the pleadings is influenced by the legislative policy indicated in the enactments at the session of 1917, chapters 194 and 397, pp. 279, 561, Laws of 1917.   Section 1 of chapter 397 declares that the term "dependent child" shall mean an illegitimate child.   Section 11 provides that in no case shall a dependent child be taken from his parents without their consent, unless, after diligent effort has been made to avoid the separation, it shall be found needful to prevent serious detriment to the welfare of the child. It does not appear from anything before us that, if an effort is made to avoid a separation of the mother and child, it may not be avoided without serious detriment to the child's welfare.   It does appear that on April 30, when the mother consented to part with her child, she was destitute. It also appeared from the allegations in the return that she has no suitable home or place where she can keep her child and that she is without means to support it.   There is no showing that this condition will continue.   Appellants assert that the law presumes that a condition once shown to exist will continue until the contrary is made to appear.   Granting that this is so, we are unwilling to dispose of a child solely on the strength of a rule of evidence.   There is nothing to show that respondent is unable or unwilling to work and earn enough to support herself and her child.   We do not know whether she has relatives or friends able and willing to help her, or where or how she lives.   In short, we are left wholly in the dark as to matters of vital importance in determining whether she should be deprived of her natural right to her child.   The ties by which mother and child are bound together should not be severed except for grave and weighty reasons.   The fact that this child may receive, at the hands of appellants, a better home than respondent can provide, is not a sufficient reason for depriving her of her offspring.   State

v. Armstrong, supra. The mere fact that a mother is so destitute or impoverished that she cannot adequately provide for the needs of her child and that someone else is willing to take it and give it better educational and material advantages, does not justify the court in transferring its custody.

Aside from the fact that respondent has given birth to an illegitimate child, there is nothing to show that her character is such that she ought not to have its custody. It is suggested that she does not care for and was anxious to be relieved of it, or she would not have signed the agreement with appellants. Any force there may be in this suggestion is overcome by the fact that five days after she gave up her child she sought to regain it. It is urged that she cannot keep it, but will give it to someone who can provide for it. Assuming this to be true, the future welfare of the child will not be secured by leaving it with appellants, with no other right to its custody than the right of possession. Doubtless they are excellent people and would give the child a good home, but, until the mother's legal rights have been cut off by a decree of adoption, there can be no assurance that the ties of affection formed by the constant association of a child with its elders may not be severed at any time. This result would be detrimental to the welfare of the child and the source of lasting grief to appellants. The future should be definitely settled. It cannot be if the mother is unable to care for the child herself unless she consents to its adoption by someone to whom she is willing to entrust it. It is regrettable that appellants have been unable to obtain such consent. Without it there can be no permanent solution of the problem. We think it is best to restore the child to its mother, to be cared for by her or such other persons as may wish to adopt it with her consent.

The judgment is affirmed.