## STATE EX REL. MRS. G. C. HENNING v. ELMER GUNDVALDSON AND ANOTHER.[1]

December 10, 1926.

No. 25,904.

**Custody of relator's infant daughter left with child's aunt for the time being.**
Under the evidence it is *held* that notwithstanding the natural right of the relator to the custody of her child it should for the present remain with the respondents in whose custody it has been most of the time since its birth.

Habeas Corpus, 29 C. J. p. 109 n. 10.
Parent and Child, 29 Cyc. p. 1587 n. 42; p. 1588 n. 46.

Habeas corpus to determine the custody of relator's infant daughter. Upon hearing before the court commissioner of Pipestone county custody was awarded to relator. Defendants appealed. Writ discharged.

*Rice & Rice* and *George P. Gurley,* for appellants.
*C. T. & C. B. Howard,* for relator.

DIBELL, J.

Habeas corpus on the relation of Mrs. George C. Henning to determine the custody of her infant daughter now in the custody of the defendants Elmer Gundvaldson and Luvena Gundvaldson, husband and wife, the latter a sister of Mrs. Henning.

Upon the hearing before the court commissioner of Pipestone county custody was awarded to the relator. The writ is before us on appeal and the appeal is a trial de novo. It is submitted upon the evidence taken below and additional evidence taken since the decision of the commissioner.

The natural right of the parent to the custody of his child is recognized and protected. State ex rel. Fossen v. Hitman, 164 Minn. 373, 205 N. W. 267; State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183

[1]Reported in 211 N. W. 310.

N. W. 956; State ex rel. Machgan v. Pelowski, 145 Minn. 383, 177 N. W. 627; but custody may be withheld permanently or temporarily in the interest of the child. State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183 N. W. 956, and cases cited; State ex rel. Larson v. Halverson, 127 Minn. 387, 149 N. W. 664; State ex rel. Anderson v. Anderson, 89 Minn. 198, 94 N. W. 681.

The child is four years old. It has been in the custody of the defendants nearly all of the time since its birth. During most of this time the mother was not so situated that she could give it a home and care for it. In April, 1925, she married George C. Henning. They live in a comfortable, well furnished home in Minneapolis. Henning has a substantial and sufficient income. He joins with his wife in expressing a desire to furnish the child a home. The Gundvaldsons live in the village of Jasper, have the use of a comfortable home, and are able to give the child proper care and a good home. It has known no other. The evidence does not assure us that the Hennings will continue in their desire and ability to care for the child and give it the home which it should have. Further time must elapse before there is such certainty as justifies the removal of the child from its present surroundings. The time may come when it will be apparent that the mother is secure in a suitable home which will welcome her child permanently and that the natural right of a parent to custody should be given its full effect. The writ is discharged but without prejudice to the right of the relator to apply for relief by a like writ in the future.

Writ discharged.