## STATE EX REL. AUGUSTA LINK v. THOMAS A. MASON.[1]

March 7, 1930.

No. 27,774.

*Loren Risk,* for appellant.

*Joseph A. Kozlak* and *William B. Movery,* for respondent.

[1]Reported in 229 N. W. 582.

DIBELL, J.

This is a proceeding in habeas corpus instituted in the district court of Hennepin county by the relator, Augusta Link, to obtain the custody of Muriel Alice Mason then in the custody of the respondent, Thomas A. Mason. The trial resulted in a judgment awarding custody to the respondent. The relator appeals. Under the statute the trial on appeal is de novo. G. S. 1923 (2 Mason, 1927) §§ 9767-9768. Much additional evidence was produced on the hearing before us.

■ The child Muriel Alice Mason is six or seven years old. The relator is her maternal grandmother. The respondent is her father. The mother of the child died when she was two years old. The child was then in the home of the relator and remained there until July 14, 1929, with the approval of the father. He then took her to a farm in Wisconsin. This was just prior to his marriage to his present wife. The removal of the child to Wisconsin is only an unimportant incident and needs no adverse comment.

The applicable law is not difficult. The large consideration is the welfare of the child. This does not mean that a child will be taken from humble surroundings and given to those in affluent circumstances upon the theory that its welfare will be promoted. Nothing of the kind is meant nor would a benefit necessarily or naturally be the result of such change of custody; and no consideration of the kind is involved here, for the child will not live in extravagant surroundings whoever has her custody. The father, the mother being dead, and he being a fit person and in position to assume custody, has a preferential right over strangers or other relatives. 5 Dunnell, Minn. Dig. (2 ed.) § 7297, and cases cited.

■ The father is a steady worker in railway employment earning $110 to $115 per month. His testimony seems rather frank. He lived in the house of the relator, occupying a basement room, until he took his child away. On pay-days, the first and fifteenth of the month, he and others met in his room and gambled their earnings. He took a rake-off. He claims that it was limited substantially to three dollars per night and that he paid this sum to the relator

for cleaning the room the next morning. It may have been more. The place was not a gambling house where strangers were gathered in and robbed but more a convenient gambling place for himself and his fellow workers and a few others. Sometimes considerable sums were won and lost. Moonshine was bought and sold and drunk on the premises. The grandmother was cognizant in some measure of what was going on. The child was to some extent brought in contact with the surroundings.

There is no question of the fitness of the grandmother to care for the child. She lives on Nicollet Island in Minneapolis in a rented house and takes roomers. She has some money accumulated—not a large sum. A son, a veteran of the war, lives with her, receives $90 per month 'from the government, and we take it contributes to the support of the family. He participated to some extent in the gambling mentioned. The grandmother is 58 years old. She has had the care of the child from its early infancy and is attached to it. The child is none too strong and needs careful attention and nurture. The surroundings of the relator's home are not the most desirable, but the physician does not pronounce them unhealthful or bad. There is a near-by schoolhouse, and the home has modern conveniences. The father has not provided a home into which the child can be taken. He has been married to his present wife but a few months. She was not a witness. Her attitude relative to the taking of a six-year old child into her new home is not shown. Altogether the child's best chances are with the grandmother, who should understand that she is assuming a considerable responsibility.

Judgment will be entered awarding the custody of the child to the relator and directing the respondent forthwith to deliver it to her. The case is remanded to the district court, which may enter such further judgment or orders as will result in carrying out the conclusion reached. All applications relative to the right of visiting or other matters will be presented to the district court.

Judgment for relator.