STATE EX REL. MARGARET ILLE HERNIMAN v.
C. MARKSON AND OTHERS.[1]

October 14, 1932.

No. 29,282.

Donald O. Wright and Alfred W. Bowen, for appellants (respondents below).

Philip J. Meighen and Henry E. Olsen, for respondent (relator below).

[1]Reported in 244 N. W. 687.

DIBELL, J.

In a hearing on habeas corpus the custody of James Alvin Ille, the 12-year old son of the relator, Margaret Ille Herniman, was awarded to her. The respondents C. Markson and Martha Markson, her parents, and the respondent Stella Markson, her sister, appeal. The latter lives with her parents. Under our statute the trial is de novo in this court.

The boy, James Alvin Ille, was born October 25, 1920. His father and mother are divorced. His father is remarried. His mother remarried in 1926 and is living with her husband in California. Her husband is divorced from his former wife and has a daughter 14 years old living with them in their California home.

■ The superior right of a parent to the custody of the child is recognized by the law; but this right yields to the best interests of the child. State ex rel. Flint v. Flint, 63 Minn. 187, 65 N. W. 272; Arne v. Holland, 85 Minn. 401, 89 N. W. 3; State ex rel. Anderson v. Anderson, 89 Minn. 198, 94 N. W. 681; State ex rel. Lehman v. Martin, 95 Minn. 121, 103 N. W. 888; State ex rel. Ott v. Ott, 98 Minn. 533, 107 N. W. 1134; Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634; State ex rel. Larson v. Halverson, 127 Minn. 387, 149 N. W. 664; State ex rel. Renning v. Armstrong, 141 Minn. 47, 169 N. W. 249; State ex rel. Machgan v. Pelowski, 145 Minn. 383, 177 N. W. 627; State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183 N. W. 956; State ex rel. Waldron v. Bienek, 155 Minn. 313, 193 N. W. 452; State ex rel. Mattes v. Peterson, 156 Minn. 178, 194 N. W. 326; State ex rel. Fossen v. Hitman, 164 Minn. 373, 205 N. W. 267; State ex rel. Henning v. Gundvaldson, 169 Minn. 335, 221 N. W. 310; State ex rel. Feeley v. Williams, 176 Minn. 193, 222 N. W. 927; State ex rel. Link v. Mason, 179 Minn. 472, 229 N. W. 582; State ex rel. Heinemann v. Miller, 187 Minn. 152, 244 N. W. 685.

The statute, G. S. 1923 (2 Mason, 1927) § 8933, provides:

"* * * But the father and mother are the natural guardians of their minor children, and, being themselves competent to transact their own business and not otherwise unsuitable, they are equally

entitled to their custody and the care of their education. If either dies or is disqualified to act, the guardianship devolves upon the other."

The cases cited illustrate under varying circumstances the principle stated. Always the parental right is sustained unless the welfare of the child is otherwise. A review of the cases is without profit.

■ The question is whether the welfare of the boy requires that he remain with his grandparents. They are in all respects worthy people in fair circumstances, and they give the boy a good home and indulgent care. He has been with them since he was less than a year old.

The grandparents were at one time farmers near Owatonna and now own a farm near there. A few years ago they moved to Minneapolis and have a comfortable home. Their daughter, the respondent Stella, lives with them. They have an unmarried son who is a civil engineer and earns a salary of $4,000 or $5,000 a year. He contributes liberally to their support and is generous to the boy, in whom he is much interested. The grandfather is 83 years old and feeble. The grandmother is 75 years old and sprightly for one of her age. They cannot many years longer give him the care which they have gladly furnished him, and the duty will fall upon someone else.

The relator is working in Los Angeles at $90 per month. Her husband is in the paint business. The character of it is not shown. The testimony is that they have an income of $250 per month. This testimony is not disputed, but it may be exaggerated. The husband has not been successful always; but as we gather from the record he is a good worker, and he and his wife live happily.

The relator's child was born when she was 19 years old. Within two years her husband left her. She did not abandon her child. She was a graduate of the Owatonna high school. After her husband left her she took work in a commercial school. She worked mostly away from Owatonna. She contributed to the support of her child to the extent she could and visited it reasonably frequently.

During the last two years she has given her parents $15 per month and in addition has contributed clothing and other things for the support and comfort of her child. She has always thought of having him permanently in her home. The grandparents, it fairly may be said, have realized that this must be sometime; but they have wanted to delay the time, and this is now their wish.

The grandparents are greatly attached to the boy and he to them. It is idle to suppose that either the mother or the grandparents can give an unbiased judgment as to what is to the best interest of the boy. Their natural and acquired affection prevents a judgment unaffected by a selfishness which is not to be criticized. The law which gives a parent a natural and enforceable right to his child, and deprives him of it only when the best interests of the child demand, appreciates that the call of blood relationship is a promise of right treatment not to be disregarded. The mother's character is not questioned nor her fitness and ability to care for her child. She should have his custody. The grandparents must accept the inevitable. They will make their own sorrow and that of their grandson less if they accept the situation gracefully with a realization that they have done an appreciated good service for the boy just as have many good grandparents before them. The boy will soon accommodate himself to his changed surroundings. He can be in communication with his grandparents.

All realize that the grandparents' custody must terminate before many years. It is best that the change come now. As things are, the relations of the mother and her father and mother and her sister are not pleasant. It may be that the fault is not wholly that of a particular one or ones. Perhaps all share it. The estrangement is unnecessary and should not be. They are all good people.

The order of the trial court is affirmed and custody of the child is awarded to the relator. The trial court in its order, from which the appeal is taken, considerately provided that the transfer of custody should be made through the humane officer who should receive the child from his grandparents and deliver him to the mother with the least possible friction and the greatest possible considera-

180

tion for all. This court has no facilities for superintending the transfer, and the case is remanded to the district court, which will supervise the transfer as provided in its order.

Order affirmed.