[1] Reported in 248 N.W. 657.
Michael and Eleanor Fallon, husband and wife and parents of the infant subject thereof, appeal from a decree making the child (herein called Donovan Anderson) the adopted child of respondents, Frank and Lydia Dwinnell. Since the decree was entered, Frank Dwinnell has departed this life. His widow, Lydia Dwinnell, continues as the sole respondent.
1. The child was born, out of wedlock, to appellant Eleanor Fallon, November 28, 1929. There can be no question that Michael Fallon is the father. Both he and the mother so testify. The absence from the findings of anything settling the identity of Michael Fallon as the father must be inadvertent omission. The uncontradicted testimony of himself and the mother certainly demands such *Page 86 
a conclusion. But there is an implicit finding that the father abandoned the child. We assume that well founded, and go to the similar finding of abandonment made against the mother.
We consider it not warranted by the evidence. The mother seems to have met bravely the unfortunate circumstances surrounding the child's birth. She did have it placed with the Dwinnells. Since then she may not have contributed much to the child's support, but there was no intent on her part as the mother to abandon the child. Even if it could be assumed that in the distress of her unmarried motherhood she contemplated abandonment, it was but a fleeting impulse. If at one time there was temporary consent by her, it was withdrawn before commencement of this proceeding. Such a consent, once given, may be withdrawn at any time before adoption. State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183 N.W. 956. The marriage of the parents legitimized the child, 2 Mason, Minn. St. 1927, § 8579, and purged his begetting of all meretricious aspect. There being no abandonment by the mother and no consent by either parent to the adoption, the decree must be reversed. Adoption is a statutory proceeding, and our statutes, 2 Mason Minn. St. 1927, §§ 8626-8628, make abandonment by the parents or, in the alternative, their consent to the adoption conditions precedent thereto.
2. At this juncture in the lives of appellants and their first-born, the parental rights are controlling under the statute. They are not to be set aside by the pecuniary value of a possible inheritance to inure to the child from the adoption. The theory may be that parental love and care remain more important to infants than promise of affluence. Certainly, in the long run, the former yet accomplish more of good for children than the latter, which too often hinders more than aids youthful character and ambition. The factor of pecuniary advantage to the child may be of some weight in habeas corpus, where the only issue is the right to custody of a child; but in adoption, where the effort is to set aside the natural parents, such considerations are "foreign to the issue." In re Bistany,239 N.Y. 19, 24, 145 N.E. 70, 72. *Page 87 
The judgment appealed from is reversed with directions to amend the findings and conclusions of law in accordance with the views above expressed so as to order judgment for the appellants denying the petition to adopt.
Reversed.