## STATE EX REL. MARIE VIK v. BERTHA SIVERTSON AND ANOTHER.[1]

April 26, 1935.

No. 30,341.

*Wellington J. Brown* and *Hunt & Palmer,* for appellants (respondents below).

*Lanners & Martini,* for respondent (relator below).

PER CURIAM.

This is a *habeas corpus* proceeding instituted July 22, 1933, upon petition to the district court of St. Louis county by Mrs. Marie Vik to obtain custody of her then 12-year old daughter Margaret, detained by Bertha Sivertson and her husband. Two hearings were had in the district court. Upon the evidence taken thereat the court found that Mrs. Vik was a woman of good character, able to provide a home for and support of her child and had never waived nor forfeited her legal right to the custody of said child, and made an order awarding the custody and requiring the delivery of the child to its mother. The appeal here is from that order. The same trial judge was by this court appointed as referee to take further evidence. This was done. The matter is now before this court *de novo* (2 Mason Minn. St. 1927, § 9768; Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634) upon the evidence taken at the hearings

[1]Reported in 260 N. W. 522.

before the district judge and referee, together with three depositions received thereat.

The evidence clearly shows that Margaret, when a small child, was turned over to the Sivertsons at their request with a distinct understanding and agreement that the mother should have her back whenever she asked for her. The mother visited her at times and contributed to her support and care. Mrs. Sivertson and Mrs. Vik are sisters. There are six other sisters. The mother and four of the eight sisters gave testimony in Mrs. Vik's favor. A further statement of the evidence is not necessary; there was some dispute therein but not of great moment or of controlling importance as to the facts found.

Before the appeal to this court the district judge concluded that Margaret would be under good care whether respondent or appellants had her custody. The evidence taken before the referee and that appearing in the depositions strengthens rather than weakens the evidence upon which the trial court awarded custody of the child to its mother. The best interests of the minor child are of primary importance. The mother is her natural guardian. 2 Mason Minn. St. 1927, § 8933. She should not be deprived of the custody of her child unless there are grave and weighty reasons therefor. State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183 N. W. 956; State ex rel. Mattes v. Peterson, 156 Minn. 178, 194 N. W. 326; State ex rel. Fossen v. Hitman, 164 Minn. 373, 205 N. W. 267; State ex rel. Herniman v. Markson, 187 Minn. 176, 244 N. W. 687, and cases therein cited. No such reasons appear here.

Affirmed.