*In re* WHITE.

1. COURTS—PROBATE COURTS—STATUTES.
   Proceedings in probate court and the jurisdiction and authority
   of the probate court are entirely statutory.

2. ADOPTION—REHEARING—PARTIES.
   Under statute relating to adoption proceedings, the probate
   court had authority to grant a rehearing on the petition of an
   interested party filed within 90 days from the time the original
   order of adoption was made (Act No. 288, chap. 1, § 19, Pub.
   Acts 1939).

3. SAME—REHEARING—APPEAL.
   No appeal may be taken from that part of an order of the pro-
   bate court granting a rehearing in adoption proceedings on
   motion of an interested party (Act No. 288, chap. 1, §§ 19,
   37, Pub. Acts 1939).

4. SAME—SETTING ASIDE ORDER OF CONFIRMATION.
   The probate court is expressly given authority to enter an order
   setting aside a previous order confirming adoption (Act No.
   288, chap. 1, § 19, Pub. Acts 1939).

5. SAME—STATUTES.
   Adoption proceedings are purely statutory (Act No. 288, chap.
   10, § 1, Pub. Acts 1939).

6. SAME—WITHDRAWAL OF CONSENT—JURISDICTION OF PROBATE
   COURT.
   The natural mother may withdraw her consent to a minor child's
   adoption while the probate court still had control over the
   matter by a rehearing for a period of 90 days after the order
   confirming adoption where vested rights have not intervened
   (Act No. 288, chap. 1, §§ 19, 37; chap. 10, §§ 1, 2, Pub. Acts
   1939).

7. SAME—REHEARING—CONSENT.
   When the probate court has once granted a rehearing of order
   confirming adoption of a minor child, it might then find there
   was no longer thereafter the legal consent necessary to a
   further order confirming adoption (Act No. 288, chap. 1,
   §§ 19, 37; chap. 10, §§ 1, 2, Pub. Acts 1939).

8. SAME—STATUTES.
    When the statutory provisions regulating the adoption of chil-
    dren cannot be complied with, the adoption fails.

9. SAME—REHEARING—JURISDICTION OF PROBATE COURT—HEARING.
    Probate court's order setting aside its order confirming adoption
    on rehearing on the same day it had granted rehearing on
    petition of natural mother without setting a new day for hear-
    ing was not beyond authority of probate court, where no
    objection appears to have been made in probate court, or
    any request made for a further opportunity for hearing (Act
    No. 288, chap. 1, §§ 19, 37; chap. 10, §§ 1, 2, Pub. Acts 1939).

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted October 16, 1941. (Docket No. 97, Calendar
No. 41,556.) Decided January 6, 1942.

In the matter of the adoption and change of name
of Constance Estelle White, a minor. Order of pro-
bate court granting petition of Marcena White for
rehearing and setting aside adoption by Guy
McNaron and wife. On appeal to circuit court,
order affirmed. Guy McNaron and wife appeal.
Affirmed.

*Leonard F. Donaldson,* for appellants.

*John J. Temple* and *Miles N. Culehan,* for appel-
lee.

BOYLES, J. The sole question in this case is as
to the validity of an order of probate court made on
rehearing, setting aside a former order of adoption.
The facts necessary to a decision have been stipu-
lated by counsel. On March 16, 1939, Robert B. and
Marcena White, the natural parents of a minor
child, joined in the execution of a declaration of
adoption with the appellants herein for the purpose
of giving their consent to the proposed adoption of
said minor child by appellants. An investigation

was duly made by the county agent, the declaration and consent together with the report of the county agent duly filed in the probate court for the county of Wayne, and on July 31, 1939, an order confirming the adoption was made and entered by the judge of probate of Wayne county. On October 11, 1939, within the statutory 90 days during which a petition for rehearing may be filed in probate court (Act No. 288, chap. 1, § 19, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-1 (19), Stat. Ann. 1940 Cum. Supp. § 27.3178 (19)]), Marcena White, the natural mother of said minor, filed in probate court a withdrawal of her consent and a petition for a rehearing on the order confirming the adoption. On December 1, 1939, an order was made and entered in the probate court for Wayne county as follows:

"State of Michigan,
"County of Wayne—ss.
"At a session of the Probate Court for said County of Wayne, held at the Probate Court Room in the City of Detroit, on the 1st day of December, in the year 1939.
"Present: D. J. Healy, Judge of Probate.
"In the matter of the adoption and change of name of Constance Estelle White, a minor.
"The petition of Marcena White, natural mother of the said Constance Estelle White, praying for a rehearing upon the instrument in writing heretofore filed in this court, declaring that said minor is adopted as the child of Guy McNaron and Sally McNaron, his wife, on which instrument by an order of this court, made and entered on the 31st day of July, A. D. 1939, an order of adoption by the said Guy McNaron and Sally McNaron, his wife, and change of name was ordered entered, having been heretofore filed in this court in said matter, and the said matter having come on to be heard by this court on the 19th day of October, A. D. 1939, and all of the

persons in interest in said matter being present in open court or represented by counsel in said matter, and the said matter having been heard and submitted, and the court having taken the testimony of all of the persons in interest in said matter, and being fully advised in the premises:

"It is ordered that a rehearing of said matter be and the same is hereby granted, and upon rehearing:

"It is further ordered that the aforesaid order of this court made and entered on the 31st day of July, A. D. 1939, substituting the said Guy McNaron and Sally McNaron, his wife, in place of the parents of said minor, and changing the name of said minor, be and the same is hereby vacated and set aside."

From that order an appeal was taken to the circuit court for the county of Wayne where a hearing was held and testimony taken, and an order entered affirming the decision of the probate court in setting aside the adoption. The circuit judge held that he did not have power to set aside the order of the probate court granting a rehearing, and that the further action of the probate court in setting aside and vacating the original order of adoption on the rehearing should not be set aside by the circuit court. From the order entered thereon, the adoptive parents of said minor prosecute this appeal.

The precise questions raised for our determination are: (1) Will an appeal lie from an order of the probate court granting a rehearing? (2) Was it proper for the probate court upon the rehearing to enter the further order setting aside the order of adoption, the natural mother of the minor having withdrawn her consent to the adoption and having filed a petition for rehearing within the 90 days' period allowed therefor by statute?

Proceedings in probate court and the jurisdiction and authority of the probate court are entirely statutory. The probate court had authority to grant

the rehearing on the petition of an interested party filed within 90 days from the time the original order of adoption was made. Act No. 288, chap. 1, § 19, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [19], Stat. Ann. 1940 Cum. Supp. § 27.3178 [19]). It is expressly provided by statute that no appeal shall lie from an order of the probate court granting a rehearing. At least that part of the probate court order of December 1, 1939, which merely grants a rehearing must for the purposes of this case be considered conclusive. Act No. 288, chap. 1, § 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [37], Stat. Ann. 1941 Cum. Supp. § 27.3178 [37]). Nor can there be any serious question as to the *authority* of the probate court to enter the order setting aside a previous order confirming adoption. This is likewise expressly conferred upon the probate court by statute. Act No. 288, chap. 1, § 19, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [19], Stat. Ann. 1940 Cum. Supp. § 27.3178 [19]).

In this State, adoption proceedings are purely statutory. Act No. 288, chap. 10, § 1, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-10 [1], Stat. Ann. 1941 Cum. Supp. § 27.3178 [541]). The statute requires the consent of the natural parents of a minor child if living, or the survivor of them, in order to confirm an adoption. Act No. 288, chap. 10, § 2, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-10 [2], Stat. Ann. 1941 Cum. Supp. § 27.3178 [542]). Proper consents were filed in this matter before the original order was made and no question is raised as to the regularity or legality of the original proceedings for adoption.

The issue thus narrows itself down to the question whether the last part of the order of the probate court hereinbefore quoted at length, made upon the rehearing, vacating and setting aside the previous

order confirming adoption, was a proper order. This court is asked to reverse the findings of the probate court, and of the circuit court upon appeal, and to hold that this part of the order should be set aside. At the very outset, we are confronted with the fact that the natural parent did withdraw her consent to the adoption during the 90 days' period while the matter of confirming the adoption was still within the authority and control of the probate court if a petition for rehearing be filed. Such a petition for rehearing was properly filed; and an order granting the rehearing was properly made. These are established facts. After a rehearing had been granted and before any further order might be made by the probate court, that court was then confronted with the established fact that it no longer had the necessary consent of one of the natural parents. It had been withdrawn.

Appellants contend that Marcena White, the natural mother, could not withdraw her consent at the time it was attempted without showing fraud and duress in the procurement thereof. While this question has not been squarely before us, it has been raised in various proceedings in other jurisdictions. In Minnesota, it has been held that the mother's consent may be revoked at any time before the child is legally adopted. *State, ex rel. Platzer,* v. *Beardsley,* 149 Minn. 435 (183 N. W. 956). In Washington, it is held that adoption is a contract between the parties but that a natural parent may revoke his consent at any time before a legal adoption has been made, subject to his liability to be sued for breach of contract; and that when the written consent is once revoked, the necessary consent being absent, such an order cannot be made. *In re Nelms,* 153 Wash. 242 (279 Pac. 748). See, also, *Fitts* v. *Carpenter* (Tex. Civ. App.), 124 S. W. (2d) 420. In

the case at bar, the probate judge stated no reason for setting aside the original order, and the record before us contains none of the testimony taken either in the probate court or the circuit court on the appeal. So far as the record discloses, the original order of adoption was set aside merely upon a reconsideration of the whole matter. Without a record disclosing what reasons impelled the mother to withdraw her consent, we have no occasion to pass upon the question whether such reasons were sufficient, if indeed any stated reason is necessary beyond the mere fact she had changed her mind. In view of the legal conclusions reached herein, neither the lack of proof of fraud or undue influence nor the respective advantages in favor of or against the adoption is controlling of the result. It is our opinion that under the circumstances of this case, no vested rights having intervened, the natural mother had the right to withdraw her consent to the adoption during the 90 days while the probate court still had control over the matter by a rehearing. When the probate court had once granted the rehearing, the court might then find that there was no longer thereafter the legal consent necessary to a further order confirming adoption. When the statutory provisions regulating adoption of children cannot be complied with, the adoption will fail. *Albring* v. *Ward*, 137 Mich. 352; *Slattery* v. *Hartford-Connecticut Trust Co.*, 254 Mich. 671.

Appellants contend that the probate court went beyond its authority in setting aside its order of adoption on the same day after the order granting rehearing had been made, without setting a new day for hearing. There is nothing in the record to show that such an objection was made in probate court, or any request made for a further opportunity for hearing. On the contrary, the order entered by the

probate judge expressly establishes that all of the persons interested in the matter were present in open court, or represented by counsel, and that the court took the testimony of all of the persons in interest in said matter. These facts are not challenged by appellants either in the record or their brief. In the absence of any request, there was no occasion for further notice or further opportunity for hearing. There is no merit in appellants' contention they did not have their day in court on the issues when they were all in court, were heard, and no objection made.

Affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.