STATE, *ex rel.* CARL D. LANDIS, v. THE COUNTY BOARD OF PUBLIC INSTRUCTION OF HILLSBOROUGH COUNTY, FLORIDA, a Public Corporation, and ROY COTARELO, W. H. FARRAR and H. G. TURNER.

188 So. 88.
Opinion Filed April 14, 1939.

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General and *J. Tom Watson* and *Edwin R. Dickenson,* for Relator;

*Wm. E. Thompson; Whitaker, Whitaker* and *Terrell* and *Karl E. Whitaker,* for Respondents.

BUFORD, J.—This is an original proceeding in Quo Warranto to test the legality of a Special Tax School District election held to elect Trustees and fix millage. It is before us on motion to strike returns and on demurrer to the returns filed by the respondents.

The information is bottomed on the allegations charging in effect that the provisions of Chapter 16013, Acts of 1933, in regard to qualifications of electors entitled to vote in such election were disregarded and that the election officials were directed to allow persons to vote in such election who were not qualified to vote under the provisions of that Act, which is

"AN ACT RELATING TO QUALIFICATIONS OF VOTERS IN SPECIAL TAX SCHOOL DISTRICT ELECTIONS HELD IN THE STATE OF FLORIDA.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That all voters residing within any special tax school district in the State of Florida, who paid a tax on real or personal property and voted in the General Election next preceding the date of holding any election pertaining to such Special Tax School District shall hereafter be entitled to vote in such last mentioned election.

"Secton 2. All laws and parts of laws in conflict herewith are hereby specifically repealed.

"Section 3. This Act shall take effect upon its becoming a law.

"Approved May 3, 1933."

Section 1 of Article VI of Our Constitution provides:

"Section 1. Every male person of the age of twenty-one years and upwards that shall, at the time of registration, be a citizen of the United States, and that shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one year and in the county for six months, shall in such county be deemed a qualified elector at all elections under this Constitution. Naturalized citizens of the United States at the time of and before registration shall produce to the registration officers his certificate of naturalization or a duly certified copy thereof. (Amended, Joint Resolution 2, Acts 1893; adopted at general election 1894)."

Section 10 of Article XII of the Constitution provides:

"Section 10. The legislature may provide for the division of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real or personal property shall vote in favor of such levy; Provided, that any tax authorized by this section shall not exceed ten mills on the dollar in any one year on the taxable property of the district."

It appears to be conceded that the election was held in conformity with the laws applying to such elections as they

existed prior to the enactment of Chapter 16013, *supra,* and there is no allegation in the information that it was not so held.

The election is one of those authorized by the Constitution, Section 10, Article XII, *supra,* and therefore the qualifications of electors to vote therein are prescribed by the Constitution, Section 1, Article VI, as limited by the provisions of Section 10, Article XII, *supra.*

It is not competent for the Legislature, by mere legislative Act, to place restrictions on the qualification of electors which will prohibit any of those electors who may be qualified to vote in such elections under the provisions of the Constitution from participating in such election.

The provision in Chapter 16013, *supra,* limiting the right to vote in such election to those who "voted in the general election next preceding the date of holding any election pertaining to such Special Tax Schools Districts" contravenes, and is repugnant to, the standard of qualifications established by Section 1, Article VI and Sec. 10, Art. XII of the Constitution and is, therefore, of no force and effect.

The demurrer must be visited back to apply to the information and, as such, sustained and the information be quashed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.