J. CAIL LEE, Associate Judge:
The Defendant, Appellee herein, was charged under Section 104.011, Florida Statutes, with false swearing by taking the oath that he was “qualified to vote under the Constitution and Laws of the State of Florida”, knowing he had been convicted of a felony. Upon Motion, the Court below dismissed the Amended Information, and State has appealed. In affirming, we borrow freely from the trial Judge’s well-written Order of Dismissal.
The oath to register as an elector prescribed by Section 3, Article VI, Constitution of the State of Florida, provides in part:
“I am qualified to register”.
Section 4 of the same article provides that:
“No person convicted of a felony . shall be qualified to vote.”
Section 97.051, Florida Statutes, directs that a person making application to register shall take an oath that “I am qualified to register.”
*767 The Supervisor of Elections of Brevard County modified the registration oath to provide “that I am qualified to vote”, and allegedly required the Defendant to take that oath in order to register.
Section 97.041, Florida Statutes, is entitled “Qualifications to Register”. Yet, it appears that only subparagraphs 1 through 4 relate to qualifications to register, and nowhere therein disqualifies felons from registering, while subparagraph 5 states that: “The following persons are not entitled to vote . (d) Persons convicted of any felony.”
The above summary leads inescapably to the conclusion that, under present Florida law, the qualifications to vote are different and more extensive than the qualifications to register, and that conviction of a felony disqualifies one to vote, but is not listed as a disqualification to register. Section 97.041(5) (a), Florida Statutes, provides that a person must be registered to be entitled to vote. Therefore, whether or not a person is registered is material to the issue of whether a person is qualified to vote, but the converse is not true. And, whether or not a person is authorized to vote is not necessarily material to the issue or point of inquiry as to qualification to register.
It is not here important whether or not this conclusion is desirable. This is a criminal case, and the law is strictly to be construed in favor of the accused. But the accused does not need this rule of construction as to this point, because it follows plainly from the unambiguous language of the Constitution and Statutes.
The Defendant is not accused of voting while disqualified, nor with registering while disqualified. He is accused of taking, in order to register, an oath that he was qualified to vote, which oath, it is alleged is not true. In the introduction to the Annotation at 101 A.L.R. ’ 1263, it is said:
“It is a general rule that false testimony given under an oath which is neither required nor authorized by law does not constitute perjury. 21 R.C.L. 262. In order that the false testimony may constitute perjury, it must be material to the issue or to the point of inquiry. 21 R. C.L. 299.”
The right to register to vote is too valuable to be encumbered with oaths not required by the Constitution. Such superfluous encumbrances should not be enforced by the threat of harsh criminal penalties. Citizens should not be discouraged from registering to vote by being required to take oaths broader than provided by law and thereby subjected to the chance or threat of charges of having sworn falsely as to matters concerning which they should never have been required to swear at all.
The Order appealed from is affirmed.
Affirmed.
CROSS and MAGER, JJ., concur.