Sal Geraci Clerk Circuit Court Fort Myers
QUESTIONS:
1. Is a person who has been adjudicated physically incompetent, and for whose property a guardian has been appointed, eligible to vote?
2. Is the clerk of the circuit court required to report such a person to the supervisor of elections so that his or her name may be removed from the registration books?
SUMMARY:
A person who has been adjudicated physically incompetent continues to be eligible to vote, provided such person is duly registered as an elector. The clerk of the circuit court is under no duty to report such person to the supervisor of elections.
AS TO QUESTIONS 1 AND 2:
As your questions are interrelated, they will be answered together.
Section 2, Art. VI of our State Constitution, as construed by the courts, provides, essentially, for universal suffrage for all residents of this state who have reached the age of majority if they are registered as provided by law. The only disqualifications to the constitutional grant of suffrage are found at s. 4, Art. VI, State Const.:
 No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability. (Emphasis supplied.)
It is clear from the foregoing language that an adjudication ofphysical incompetency in a proceeding prescribed by s. 744.331, F. S., is not among the constitutional disabilities.
When the state's Constitution prescribes the qualifications for voting in express self-executing terms and such provisions are not in conflict with the federal Constitution, the Legislature is powerless to modify such provisions or to create other disqualifications than those found in the organic law. Neither may it restrict or modify the constitutionally prescribed qualifications or requirements of electors. Riley v. Holner,131 So. 330 (Fla. 1930); Thomas v. State, 58 So.2d 173 (Fla. 1952); Bowden v. Carter, 65 So.2d 871 (Fla. 1953); State ex rel. Landis v. County Board of Public Instruction, 188 So. 88 (Fla. 1939); seealso AGO 074-15.
In view of the foregoing constitutional provisions and judicial decisions, I am of the opinion that a person who is adjudicated to be physically incompetent continues to be eligible to vote, provided he or she is duly registered as an elector. Cf. State v. Parsons, 302 So.2d 766 (4 D.C.A. Fla., 1974). To the extent that s. 97.041(3)(b), F. S., would appear to disqualify from voting all persons under any guardianship, it must be narrowly construed so as to avoid conflict with the clear provisions of s. 4, Art. VI, State Const. Accord: Attorney General Opinion 074-15, wherein I concluded that, in light of s. 4, Art. VI, State Const., s.97.041(3)(b) does not operate to disqualify from voting (if otherwise qualified) a resident of Sunland Training Center, unless and until said resident has been adjudicated mentally incompetent.
It follows, therefore, that the clerk is under no duty to report a person who has been adjudicated physically incompetent, and for whose property a guardian has been appointed, to the supervisor of elections. Cf. s. 98.311, F. S., requiring the clerk at least once each month to deliver to the supervisor a list of persons who have been adjudicated mentally incompetent during the preceding calendar month. No such statutory requirements exists with respect to persons adjudicated physically incompetent.
Prepared by: Patricia R. Gleason Assistant Attorney General